JOHN AND JO. KENNEDY *et al. v. J. B.* STACEY *et al.*

1. HOMESTEAD. *Exemption of. As against what debts.* The homestead is exempt from execution, or other legal process, as against all debts contracted since the passage of the Homestead law of 1868.
   But after the passage of that law, and up to the 5th of May, 1870, a debtor, by his own deed, had the power to alien his land, or mortgage it to secure his creditors, without the consent of his wife; except where the household had been claimed, set apart and registered.
   Deathridge *v.* Walker, MS. at Knoxville; Hannum *v.* McInturf, MSS. at Knoxville.

2. HOMESTEAD. *Aliened only by joint deed of husband and wife.* But since the 5th of May, 1870, the husband can not alien the homestead, except by the joint deed of himself and wife, whether it has been set apart or not.

3. HOMESTEAD LAW. *When does not impair obligation of contract.* This does not impair the obligation of contracts entered into between the passage of the Act of 1868 and that of May 5, 1870.

FROM GILES.

Appeal from the decree of the Chancery Court. JOHN C. WALKER, Special Chancellor.

H. WARD for Kennedy *et al.*

MATTHEWS & DEAVENPORT and W. H. McCOLLUM for Stacey *et al.*

McFARLAND, Judge, delivered the opinion of the Court.

On the 3rd of July, 1871, John and Joseph Kennedy, by deed, conveyed a tract of land, of which they were jointly seized, to the defendant Stacey, in trust, to secure their creditors. They were at the time married men, and the heads of families, residing upon the land, which, as may be inferred from the record, was all they owned. Their wives did not join in the conveyance. They filed this bill, claiming the benefit of a homestead exemption. In an amended bill, their wives also join them as complainants, seeking the same relief. They do not ask that the homestead be assigned them in the land, but that out of the proceeds of the sale by the trustee, one thousand dollars be secured to each of them and re-invested. The defendants in their answer agree, that if complainants are entitled to the exemption, that it is to the interest of the parties that it be secured to them in the manner stated; but it is insisted that they are not entitled to the exemption. In the language of the answer: "Respondents are advised, and insist, that although complainants may be entitled to the benefit of a homestead in said land, as against some of their creditors, yet they are not entitled to the same as against the debts owing by them to these

respondents, which were contracted before, or which 'had their origin before the adoption of the new Constitution, on the 5th of May, 1870." There is nothing in the bill, answer, or elsewhere in the record, showing the date at which any of the debts were contracted. The above statement in the answer is the only allusion to the subject. This may be taken as an indirect averment, that some of the debts were contracted prior to the 5th May, 1870.

On the 27th March, 1868, an Act was passed, which took effect from its passage. The second section makes an exemption of a homestead for the benefit of a housekeeper or head of family, to the value of one thousand dollars. The first section repeals Section 2,115 of the Code. The third section provides that the Act shall not apply to contracts entered into before its passage.

The Homestead law of the Code was changed by this latter Act in two important particulars :

First, the value of the homestead was increased from $500 to $1,000 ; and second, the party was not required to register his declaration of intention to claim its benefits. It, however, had no operation against claims created before its passage. This Act remained in force until repealed by the Act of June 27, 1870 —passed to enforce the exemption embraced in the Constitution of 1870. This latter Act re-enacts the exemption contained in the Act of 1868, with additional provisions. So from the passage of the Act of 1868, a homestead of the value of $1,000 has remained

exempt as to all debts created after its passage. This was held in the case of *Deatheridge* v. *Walker,* at the last term at Knoxville.

In the case of *Hannum* v. *McInturf,* decided at the last term at Knoxville, it was held that the provisions of the Constitution of 1870, and the Act of June thereafter, could not give to the head of a family the benefit of ·a homestead exemption as to debts contracted before the exemption was made. That to do so would be to impair the obligation of the contract. The Act of 1868 was not discussed in that case. Nor were the facts fully stated, as, in fact, they did not fully appear. The question was decided upon the abstract proposition, which was assumed. The principle stated was, "that such property as was subject to execution at the time the debt was contracted, must remain subject to execution or sale by other process until the debt is paid."

The debts in that case were doubtless created before the Act of 1868, although it is not so stated. So it is clear that as there is no allegation that any of the debts in question in this case were created before the passage of. the Act of 1868, that the complainants, when they became heads of families, residing upon the land, were entitled to the benefit of the exemption, although they might not have been heads of families at the passage of the law.

But while it is true, that the homestead was exempt from execution or attachment for the debts of complainants ·contracted after its passage, there was nothing under

this law to prevent them from selling and conveying a good title to the land by their deed. There was no prohibition of this character in the Code, or the Act of 1868, or any requirement that the wife should join in the conveyances to alien the homesteads, unless the homestead had been laid off, and had the deed in question been executed by the complainants previous to the 5th May, 1870, conveying the estate absolutely without reservation, then their right to a homestead would no doubt be gone.

But the deed in question was not made until July, 1871; in the mean time the Constitution of 1870, and the Act under it, had made additional provisions; that is, that the property shall not be aliened without the joint consent of husband and wife; that is, by deed duly executed. Vide Constitution, Art. 11, Sec. 11, Act of 1870; *Thompson & Steger's* Statutes, Sec. 2,114*a*.

That is, perhaps, the most material additional element which the new Constitution and the Act of 1870 adds to the Act of 1868.

Under the Code the exempted homestead would go to the widow and minor children, provided the provisions of the statute, which would entitle the party to claim its benefits, had been complied with, and the provision of the Code, in favor of the widow and children, was not repealed by the Act of 1868.

Under the Code, the homestead so set apart, could not be aliened or mortgaged, except by the joint

deed of husband and wife, and this feature, also, remained unrepealed by the Act of 1868.

But, as we have said before, as the homestead had not been set apart, no right to it as such had attached, and the owner might alien by his own deed.

But, under the Constitution of 1870, and the Act of June of the same year, the exemption is made, and it is provided that said real estate shall not be aliened, except by the joint deed of husband and wife; and this, as we understand, whether the homestead has been set apart or not, for the last Act makes no provision for setting the homestead apart until the land is levied upon by execution or attachment. So that the deed of John and Joseph Kennedy alone, in this case having been executed in 1871, does not defeat their right to the homestead, unless this results from the fact that some of the debts existed prior to 5th May, 1870, but after 1868. As to those creditors whose debts were created between the passage of the Act of 1868 and the 5th May, 1870, this homestead has remained all the time exempt, but up to 5th May, 1870, the debtors of J. & J. Kennedy might have, by their own deed, aliened the land, and, of course, if they chose, might have done so for the benefit of their creditors. By the Constitution of 1870, they cannot alien the land so as to cut off the homestead, without the consent of their wives.

Now, the question is, does this provision impair the obligation of those contracts made between the

John and Joseph Kennedy *et al v.* J. B. Stacy *et al.*

passage of the Act of 1868 and the 5th May, 1870?

The property was, as to them, as much exempt before the 5th of May, 1870, as it was afterwards. They have all the compulsory process of the law for the collection of their debts, that they could have had when their debts were created, and the same property is liable. On the other hand, when their debts were created their debtors might have voluntarily conveyed the land for their benefit free from this exemption, but under the new Constitution, if applicable, they cannot do so without the consent of their wives. This, it is true, is giving to the wives a power to control the matter they did not have before. But, as no *right* which the creditors had is altered or impaired by this provision, we hold that it does not impair the obligation of the contract.

This was the holding of the Chancellor, and his decree will be affirmed.