Stroud *v.* McDaniel.

12L 617
117 320

ANNA STROUD *v.* M. McDANIEL *et al.*

1. CONVEYANCE. *Married women. Certificate. Amendment.* The certificate to the deed of a married woman may be amended by supplying the omitted words, under section 2082 of the Code, and will relate to the execution of the deed as between the vendor and vendee, but not to the prejudice of intervening creditors or *bona fide* purchasers.

2. SAME. *Same. Same. Presumption after twenty years registration.* Where the deed has been registered for twenty years but certificate is defective, the probate shall be presumed to be proper, and this presumption is conclusive and cuts off all inquiry on the subject. The act is not a statute of limitations, but a statute validating probates of deeds after twenty years from registration.

---

FROM CANNON.

---

Appeal from the Chancery Court at Woodbury. A. S. MARKS, Ch.

J. W. BURTON and J. A. JONES for complainant.

—— WEBB for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed in the chancery court at Woodbury, on October 16, 1877. It seeks to have her right to a tract of land which she and her husband conveyed to the vendor of defendants in December, 1852, declared and established. In January, 1852, the father of complainant conveyed to her, to her sole and separate use the tract of land in question. The complainant impeaches the conveyance upon the following grounds:

First, That the land having been conveyed to her

to her sole and separate use, she had no power to convey it, no such power being expressly conferred in the deed of her father to her.

Second, That she did not freely and voluntarily execute said deed.

Third, That the material words "without compulsion or constraint from her said husband," were omitted from her privy examination.

The case of *Young* v. *Young*, 7 Cold., 461, decides that if the deed by which land is settled to the separate use of a married woman, contains no limitations or restrictions express or implied, upon her power to convey it, she may convey it in the same manner that she may convey her general estate. And in *Parker* v. *Parker*, 4 Lea, 392, the principle settled in *Youny* v. *Young*, was approved, and the case of *Gray* v. *Robb*, holding a different doctrine, reported in 4 Heis., 74, was overruled. In each of the cases, *Young* v. *Young* and *Parker.* v. *Parker*, the deed impeached was executed in 1853, long before the passage of the act of 1869–70.

The cases cited are therefore conclusive as to the right of the married woman having a separate estate, to convey it, there being nothing in the conveyance to her restricting such right. There is nothing in the record sustaining the allegation that she did not voluntarily execute the deed. The words "without compulsion or constraint from her said husband" were omitted from the clerk's certificate of the privy examination. But these omitted words were supplied before the filing of the bill in this case in the manner

prescribed in section 2082 of the Code, being the 2d section of the act of 1847, ch. 119.

It is true, Judge McKinney says, that the act was not intended to be retrospective. This, however, was a case in which the rights of a creditor intervened, and it was held that the correction of the error would not prejudice intervening creditors or *bona fide* purchasers, in 3 Cold., 505, and 2 Hum., 116. But in this case no creditor or purchaser is affected.

The objection comes from the original vendor, and the corrected deed and oath of the clerk show that the privy examination, was at the time it was taken, full and in accord with the requirements of the law, but by clerical mistake it was not certified as fully as it was made. Under these circumstances we should be inclined to hold, that as between vendor and vendee, the correction in the certificate would relate back to the time that the privy examination was taken. But the deed in this case was registered December 2, 1852, about twenty-five years before the bill was filed to impeach it.

Section 2084 of the Code, act of 1839–40, provides that whenever a deed has been registered twenty years, or more, it shall be presumed to have been upon lawful authority; and the probate shall be good though the certificate has not been transferred to the register's books, without regard to the form of the certificate, and it has been held this presumption is conclusive, and all inquiry upon the subject is cut off: 4 Sneed, 383. And it has also been held that this section operates against married women and infants: 3 Sneed, 513.

It is not technically a statute of limitations, but a statute validating probate of deeds, informal and defective, after the lapse of twenty years from the date of their registration.

The chancellor dismissed complainant's bill, and the Referees have reported in favor of affirming his decree. The report of the Referees will be confirmed and the chancellor's decree affirmed with costs.