J. T. ELDRIDGE *et ux. v.* T. B. HUNTER.

(*Nashville.*   December Term, 1911.)

1. PRIVY EXAMINATION.  Of married woman is invalid, and
   her deed is fraudulent and void, where she erased her name
   before the certificate was made, and never re-signed.

   The deed and privy examination of a married woman are invalid,
   fraudulent, and void, where she signed the deed in the absence
   of her husband, and her privy examination was properly taken,
   but, before the certificate of examination was made, and before
   the deed was executed by the husband, she obtained possession
   of the deed and erased her signature, though afterwards, the
   husband, in the wife's presence, executed and acknowledged the
   deed, and re-signed her name without her authority, and there
   was no further privy examination.   (*Post, pp.* 311,312.)

2. HOMESTEAD.  Of husband and wife can only be conveyed
   by their joint deed; separate execution; no delivery till com-
   plete.

   While the homestead of the husband and wife can only be con-
   veyed by their joint deed, they need not execute it at the same
   time, though it is not complete until executed by both of them,
   and until then there can be no valid delivery.   (*Post, p.* 312.)

3. PRIVY EXAMINATION.  Completed in form and manner
   prescribed by statute is necessary to valid conveyance of a
   married woman.

   A married woman cannot make a valid conveyance of real estate,
   without privy examination completed in the form and manner
   prescribed by statute, by the indorsement, attachment, or an-
   nexation of the prescribed certificate, contemplated to be done
   contemporaneously with the manual execution by the married
   woman, which certificate is the only competent evidence of com-
   pliance with the statute.   (*Post, pp.* 312, 313.)

Eldridge v. Hunter.

Code cited and construed: Secs. 3753-3755 (S.); secs. 2891-2893 (M. & V.); secs. 2076-2078 (T. & S. and 1858).

Cases cited and approved: Mount v. Kesterson, 6 Cold., 463; Rhea v. Iseley, 1 Tenn. Cases, 228; Currie v. Kerr, 11 Lea, 142; Wester v. Hurt, 123 Tenn., 508.

4. **SAME. Action in taking, is quasi judicial, and can be impeached only for fraud.**

The action of a notary public in taking the privy examination of a married woman to her deed of conveyance of land is quasi judicial, and can be impeached only for fraud. (*Post, p.* 313.)

Case cited and approved: Shields v. Netherland, 5 Lea, 193.

FROM OVERTON

Appeal from the Chancery Court of Overton County. —A. H. ROBERTS, Chancellor.

E. C. KNIGHT, for complainants.

W. R. OFFICER and E. A. QUALLS, for defendant.

MR. CHIEF JUSTICE SHIELDS delivered the opinion of the Court.

Complainants, J. T. Eldridge and Amanda Eldridge, husband and wife, bring this bill to have a deed in trust upon their homestead, purporting to have been jointly executed by them, declared void for want of valid privy examination of Mrs. Eldridge, and the foreclosure of the same perpetually enjoined.

Eldridge v. Hunter.

Complainants occupied the land in controversy as a homestead, the title being in the husband, worth less than $1,000, and the only real estate owned by them.

J. T. Eldridge purchased of the defendant certain personal property and agreed to pay therefor $400, for which he executed his note with personal security, and further agreed that he and his wife would secure the same by a deed in trust upon his land. The conveyance was prepared by a notary public and presented to Mrs. Eldridge at her home, in the absence of her husband, and she there signed it and was properly examined touching its execution for a valid privy examination. On the next day Mrs. Eldridge went to the home of the notary public, and upon request the conveyance was given to her that she might consult her brother concerning it, and while in her possession she erased her signature. Afterwards the notary public came to the home of J. T. Eldridge, and the latter, in the presence of Mrs. Eldridge, executed and acknowledged the conveyance, and also re-signed the name of Mrs. Eldridge thereto. No privy examination of Mrs. Eldridge was then made. After this the notary public indorsed the acknowledgment of J. T. Eldridge and the privy examination of Mrs. Eldridge upon the conveyance and it was delivered.

These facts are conceded. There is some controversy whether Mrs. Eldridge authorized her husband to resign the conveyance for her; but the preponderance of the evidence is that she refused to again sign it herself, or authorize her husband to do so for her.

We think that upon these facts there was no valid privy examination of Mrs. Eldridge, and that the certificate and deed in trust in question are fraudulent and void.

The homestead of the husband and wife can only be conveyed by their joint deed. They need not execute it at the same time; but it is not complete until executed by both of them, and there can be no delivery until this is done.

Married women cannot make a valid conveyance of real estate without privy examination, completed in the form and manner prescribed by the statutes. Signature is the least important part of the execution of a deed by them. Privy examination is the essential part, and until it is made and perfected the deed is of no force. *Mount* v. *Kesterson*, 6 Cold., 463; *Wester* v. *Hurt*, 123 Tenn., 508, 130 S. W., 842, 30 L. R. A. (N. S.), 358.

The statutes providing for the privy examination of married women to conveyances of real estate require the officer taking the examination to examine them separately and apart from the husband in regard to the free execution of the conveyance, as there prescribed, and to make a certificate in a form also prescribed, showing the result of his examination, and to indorse on, annex, or attach the certificate to the conveyance, and contemplate that this shall be done contemporaneously with the manual execution by the married woman. The privy examination is not complete until these mandatory provisions of the statutes are complied with, and the certificate, so indorsed, attached, or annexed, is the

only competent evidence of compliance. Code, sections 2076-2078 (Shannon's Ed., sections 3753-3755); *Rhea* v. *Iseley,* 1 Tenn. Cas., 228; *Mount* v. *Kesterson,* 6 Cold., 463; *Currie* v. *Kerr,* 11 Lea, 142.

The action of the officer taking the privy examination is quasi judicial, and can only be impeached for fraud, as is done in this case. *Shields* v. *Netherland,* 5 Lea, 193.

When Mrs. Eldridge obtained possession of the conveyance from the notary public, the privy examination had not been reduced to writing and indorsed on or attached to it. It had not been executed by her husband. It was not complete or binding upon either of them. Mrs. Eldridge then had the right to refuse to proceed with the execution of the conveyance, and she did so, and erased her signature. When it was executed by the husband, and her name signed thereto by him, no further privy examination was taken, and if she had authorized her husband's action, which she did not, this attempted execution would be imperfect and invalid for this reason.

It results that the certificate showing proper execution by Mrs. Eldridge is untrue and fraudulent, and the deed in trust void, in so far as it affects the homestead of the complainants in the land in controversy, and its foreclosure to that extent will be perpetually enjoined.