NANNIE SNYDER *v.* J. C. JETT *et al.*

(*Knoxville.* September Term, 1917.)

1. **HUSBAND AND WIFE. Right of action for torts. Statutory provisions.**

A married woman, without joining her husband, could not sue for alleged illegal threats, causing the destruction of her business, prior to the taking effect of Acts 1913, chapter 26, emancipating the wife from all common-law disabilities, though the action was brought after such act went into effect, as the business was the property of the husband, and the statute could not deprive him of such property. (*Post, pp.* 213, 214.)

Acts cited and construed: Acts 1913, ch. 26.

Cases cited and approved: Knoxville Railway & Light Co. v. Van Gilder, 132 Tenn., 487; Thompson v. C., N. O. & T. P. Ry. Co., 109 Tenn., 268; City of Chattanooga v. Carter, 132 Tenn., 609.

2. **HUSBAND AND WIFE. Husband's rights in wife's personal property.**

It is the general rule at common law that marriage amounts to an absolute gift to the husband of all personal goods of which the wife is actually or beneficially possessed at the time of the marriage, or which come to her during coverture. (*Post, pp.* 214, 215.)

Cases cited and approved: Williford v. Phelan, 120 Tenn., 589; Bennett v. Hutchens, 133 Tenn., 65; Baker v. Dew, 133 Tenn., 126.

FROM KNOX.

Appeal from the Circuit Court of Knox County. —VON. A. HUFFAKER, Judge.

NOBLE SMITHSON, for plaintiff.

BROWN & BURROWS, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Plaintiff sued J. C. Jett, who was city marshal of Park City, and the other defendants, Peters, Dailey, Underwood, and McCampbell, who were members of the board of health of that city, for $5,000 damages for injury inflicted on her business. She alleged: That on the 10th day of January, 1913, she was engaged, and had been for six years prior thereto, in the business of killing and dressing chickens, turkeys, ducks, geese, and other fowls for divers persons, who, then and there bought and sold such fowls on the market of Knoxville, Tenn.; these persons buying such fowls alive and employing the plaintiff to kill and dress them for sale to the consumers of said city and vicinity. That by means of this business she made a weekly net profit of $50, and had done so during the whole period of six years. That she would have made

the same net profits from and after the 10th day of January, 1913, for a long period of time, even for twenty years, if defendants had not jointly and severally interfered with her business and destroyed it, by making certain threats against her described in the declaration, which were wholly unjustifiable, and that by this means she was forced out of business, to her damage as stated.

The defendants filed a plea in abatement, in which they alleged that on the 10th day of January, 1913, and prior to that date, plaintiff was a married woman, and was a married woman at the time the plea was filed, living with her husband, one John Snyder; the said John Snyder not being joined with her in the suit, either in the summons or in the declaration.

On the hearing it was admitted that the plea was true. Thereupon the trial judge dismissed the action. On appeal to the court of civil appeals, the judgment of the trial court was reversed.

We are of the opinion that the learned court of civil appeals was in error. That court based its judgment on the authority of *Knoxville Railway & Light Co.* v. *Van Gilder,* 132 Tenn., 487, 178 S. W., 1117, L. R. A., 1916A, 1111, in which it was held that where a suit of a wife was based on personal injuries inflicted on herself, and her suit was brought after chapter 26, Acts of 1913, went into effect, she might bring the action without joining her husband. That decision was based on the fact that the wife alone is entitled to

the recovery in such a case. *Thompson* v. *C. N. O. & T. P. Ry. Co.*, 109 Tenn., 268, 271-273, 70 S. W., 612.

The authority does not apply to the facts of the case we have before us, because this action was brought by the wife, as stated, to recover damages for an injury inflicted on her business, whereby it was destroyed. It is true the action was brought after the statute above mentioned of 1913 went into effect; but that can not change the result. The property—that is, the business—was in law that of the husband, and the act of 1913 cannot deprive him of this property. So, in *City of Chattanooga* v. *Carter*, 132 Tenn., 609, 179 S. W. 127, it was held that the act referred to did not affect the husband's right to recover for loss of the services of his wife, by reason of personal injuries sustained by her.

The general rule of the common law is that "marriage amounts to an absolute gift to the husband of all personal goods of which the wife is actually or beneficially possessed at the time, or which comes to her during coverture." *Williford* v. *Phelan*, 120 Tenn., 589, 596, 113 S. W., 365, and authorities cited. See also, *Bennett* v. *Hutchens*, 133 Tenn., 65, 179 S. W., 629, and *Baker* v. *Dew*, 133 Tenn., 126, 179 S. W., 645. The act of 1913 was passed on February 20th of that year, but by its terms did not go into effect until January 1, 1914, and of course could not affect the rights of the husband acquired prior thereto. This statute, speaking generally, purported to emancipate the wife

Snyder v. Jett.

from all common-law disabilities. It is fully quoted in some of the cases cited, and need not be repeated here.

The result is that the judgment of the court of civil appeals is reversed, and that of the trial court is affirmed, with costs.