JEFFERSON COUNTY BANK *v.* W. T. HALE *et al.**

FIRST NAT. BANK *v.* HALE *et al.*

(*Knoxville.* September Term, 1925.)

1. **HUSBAND AND WIFE.** Wife's deed to her property passes title if authentication of her acknowledgment is sufficient, though husband's acknowledgment is insufficient.

If authentication of wife's acknowledgment to a deed conveying her property is sufficient, her deed passes title without concurrence of her husband, and it is immaterial that husband's acknowledgment to deed was insufficient to authorize registration. (*Post, pp.* 652, 653.)

Codes cited and construed: Secs. 6097, 3753, 3712, 3717. (S.).

2. **ACKNOWLEDGMENT.** Omission of words intended to identify grantor renders registration of certificate ineffective as against attaching or judgment creditors (Shannon's Code, sections 3712, 3717).

Omission in certificate of acknowledgment to deed of words, "with whom I am personally acquainted," required by Shannon's Code, sections 3712, 3717, or like words intended to establish identity of grantor, is a matter of substance rendering registration of certificate ineffective as against attaching or judgment creditors. (*Post, p.* 653.)

Cases cited and approved: Fall & Cunningham v. Roper, 40 Tenn., 486; Davis v. Bogle, 58 Tenn., 316; Figuers v. Fly, 193 S W., 117.

3. **JUDGMENT.** Vendor and purchaser.

Shannon's Code, sections 3712, 3717, regulate conveyance of real estate, to be made complete as against judgment creditors and subsequent purchasers, by registration. (*Post, pp.* 653, 654.)

Acts cited and construed: Acts 1715, ch. 28.

Case cited and approved: Montgomery v. Hobson, 19 Tenn., 450.

Code cited and construed: Section 3753 (S.).

Jefferson County Bank v. Hale.

4. ACKNOWLEDGMENT.

Under Shannon's Code, section 3753, a wife's deed is invalid without acknowledgment after privy examination. (*Post, pp.* 654, 655.)

Cases cited and approved: Young v. Young, 47 Tenn., 461; Perry v. Calhoun, 27 Tenn., 554; Rogers v. Wheaton, 13 S. W., 689; Eldridge v. Hunter, 143 S. W., 892.

5. HUSBAND AND WIFE. Conveyance by husband to wife passes separate estate to wife's sole and separate use, alienable by her on privy examination without joinder of husband (Shannon's Code, section 4246).

Conveyance by husband to wife passes to wife a separate estate to her sole and separate use, which she could convey under Shannon's Code, section 4246, upon privy examination without joinder of her husband. (*Post, pp.* 655, 656.)

Acts cited and construed: Acts 1919, ch. 126.

Cases cited and approved: Carpenter v. Franklin, 14 S. W., 484; Templeton v. Brown, 5 S. W., 441; Ferguson v. Booth, 160 S. W., 67; Sherman v. Turpin, 47 Tenn., 382; Peterson v. Reichman, 23 S. W., 53; Dewey v. Goodman, 64 S. W., 45; Gray v. Robb, 51 Tenn., 74; Funkhouser v. Fowler, 101 S. W., 769.

Code cited and construed: sections 4246, 3712, 3717 (S.).

6. HUSBAND AND WIFE. Statute held to remove all contractual disabilities of married women and clothe them with powers of femes sole (Married Woman's Act [Acts 1919, chapter 126]).

Married Woman's Act of 1919 enlarges rights of married women so as to give them status of *femes sole* by destroying the marital unity in its relation to contractual and property rights. (*Post, pp.* 656-658.)

Acts cited and construed: Acts 1919, chs. 126, 48, sec. 2.

Cases cited and approved: Bell v. Lyle, 78 Tenn., 44; Mount v. Kesterton, 46 Tenn., 462; Travis v. Sitz, 185 S. W., 1075; Roach v. Francisco, 197 S. W., 1099; Snyder v. Jett, 197 S. W., 488.

Constitution cited and construed: Art. 11, sec. 11.

7. HUSBAND AND WIFE.

By force of Married Woman's Act of 1919, chapter 126, a married woman can alien her lands as if unmarried. (*Post, p.* 658.)

Jefferson County Bank v. Hale.

8. **ACKNOWLEDGMENT.** Husband and wife. Married Woman's Act eliminates necessity of husband joining in wife's conveyance and of privy examination to protect wife from husband's oppression (Acts 1919, chapter 48; Acts 1919, chapter 126, section 1).

Under Acts 1919, chapter 48, and chapter 126, section 1, it is no longer necessary for husband to join wife in her conveyance so as to supply benefit of his advice and prevent imposition upon her, nor is a privy examination required to protect wife from oppression of the husband. (*Post, pp.* 658, 659.)

Acts cited and construed: Acts 1919, ch. 126.

9. **ACKNOWLEDGMENT.** Conveyance by wife of her property requires her to be personally identified by probate officer (Acts 1919, chapter 126; Shannon's Code, sections 3712, 3717, 3753).

Under Acts 1919, chapter 126, clothing married woman with all rights of *feme sole*, her conveyance must be acknowledged in accordance with Shannon's Code, sections 3712, 3717, regulating land generally and requiring grantor to be personally identified by probate officer, rather than with section 3753, applying to *femes coverts* and requiring privy examination, except where wife joins husband in conveyance of a joint estate or a homestead. (*Post, p.* 659.)

Acts cited and construed: Acts 1919, ch. 126.

Codes cited and construed: secs. 3712, 3717 (S.).

---

*Headnotes 1. Husband and Wife, 30 C. J., Section 653; 2. Acknowledgments, 1 C. J., Section 195; 3. Judgments, 34 C. J., Section 926; Vendor and Purchaser, 39 Cyc., p. 1722; 4. Acknowledgments, 1 C. J., Section 147; 5. Husband and Wife, 30 C. J., Sections 453, 643; 6. Husband and Wife, 30 C. J., Section 435; 7. Husband and Wife, 30 C. J., Section 435; 8. Husband and Wife, 30 C. J., Sections 643, 653; 9. Acknowledgments, 1 C. J., Section 147.

---

FROM JEFFERSON.

---

APPEAL from the Chancery Court of Jefferson County. —Hon. W. N. HICKEY, Special Chancellor.

C. T. RANKIN, for Jefferson County Bank.

J. H. BUNDREN, for First Nat. Bank.

FRANK PARK, JR., for Hale et al.

MR. JUSTICE COOK delivered the opinion of the Court.

The complainants, creditors of W. T. and Cornelia B. Hale, filed their bills under section 6097, Shannon's Code, attacking as fraudulent the conveyance May 1, 1924, by Mr. and Mrs. Hale to their sons, Julius and Richard Hale, and seeking to subject the land covered by the deed to payment of debts.

The note of W. T. and Cornelia Hale for $1,735 was executed to the Jefferson County Bank April 26, 1924, and the bank filed a bill to enforce payment of the note with interest and attorney's fees. The First National Bank of Morristown seeks to enforce payment of two judgments recovered before a justice of the peace August 9, 1924.

It is charged in the bills that the conveyance of May 1, 1924, was void because intended to defeat the creditors of W. T. and Cornelia B. Hale, and that the acknowledgment to the deed did not authorize its registration. The consolidated causes were heard upon bill, answers, exhibits, and a stipulation of fact, in which it is "admitted that if the acknowledgment is insufficient, the attachment would hold good as against the claims of the

sons, and, on the other hand, if the acknowledgment is sufficient, the sons would hold the property under their deed as against the complainants.''

W. T. and Cornelia B. Hale and Richard and Julius Hale deny that the conveyance was fraudulently designed to defeat the claims of creditors of Cornelia B. Hale, and aver in their answers that the transaction was in good faith for the consideration of $2,000, which was a fair value for the land.

It is said in the briefs of counsel that the record presents but one question, that a question of law, of whether or not, as against the attaching creditors of Mrs. Hale, the deed executed to her sons was so authenticated as to authorize its registration.

W. T. Hale acquired the land by deed from Renfro, March 17, 1919, and on May 5, 1919, conveyed it to his wife, Cornelia B. Hale, for the consideration of $1,000. May 1, 1924, Mrs. Hale, joined by her husband, executed the deed to their sons, Richard and Julius. The deed was signed by W. T. Hale in the presence of subscribing witnesses, only one of whom proved the signature before a notary public of Wayne county, Mich.

It is conceded that the certificate of W. T. Hale's acknowledgment to the deed was insufficient to authorize registration. But that is immaterial, because if the authentication of Mrs. Hale's acknowledgment is sufficient, then, without concurrence of her husband, her deed would pass the title.

Mrs. Hale executed the deed by privy examination, and the certificate of the notary public conformed to the requirements of section 3753 of Shannon's Code. The question presented is whether she should have acknowl-

edged the deed as a *feme sole* under sections 3712, 3717, of Shannon's Code, or as a *feme covert* under section 3753 of Shannon's Code.

Section 3712 provides to authenticate an instrument for registration its execution shall be acknowledged by the maker or proved by two subscribing witnesses at least. Section 3717 provides the form of certificate, and requires a statement of the probate officer that he is personally acquainted with the bargainor.

Omission in the certificate of acknowledgment of the words, "with whom I am personally acquainted," or words of similar import intended to establish the identity of the grantor, and held to be matter of substance, renders the registration of the certificate ineffective as against attaching or judgment creditors. Numerous cases so hold. We only refer to *Fall & Cunningham* v. *Roper*, 3 Head, 486, *Davis* v. *Bogle*, 11 Heisk., 316, and *Figuers* v. *Fly*, 193 S. W., 117, 137 Tenn., 358.

Sections 3712, 3717, regulate the conveyance of real estate, to be made complete as against judgment creditors and subsequent purchasers, by registration. These sections are derived from chapter 28, Acts of 1715 (N. C.), and subsequent statutes of Tennessee. Chapter 28, Acts of 1715, from which section 3753 of Shannon's Code is derived, was originally intended as a substitute for the common-law mode of fine and recovery for the conveyance of a married woman's land. By the common law the wife could not convey by deed, but only by fine and recovery, which required the equivalent of a privy examination before the court, intended to secure the wife against the oppression of the husband. This proceeding also required the joinder of the husband, intended to give

the wife the benefit of his concurrence and secure her against fraud from the outside. *Montgomery* v. *Hobson,* Meigs, 450.

While this method of conveyance was never adopted in North Carolina or Tennessee, it no doubt suggested the statute providing for the simpler method of conveyance by deed and privy examination. It appears from a review of the statutes and decisions that section 3753, derived from antecedent statutes, did not require privy examination as a means of authenticating a deed for registration, but required it as a substitute for the more solemn method of fine and recovery. Subsequent statutes empowering the wife to convey upon privy examination without joinder of the husband did not observe this distinction, except upon conveyance of the wife's general estate, in which the husband had a marital right.

Section 3753 of Shannon's Code provides that, to make a married woman's conveyance effective, privy examination must be taken and certified. By this statute (a substitute for the more formal mode of conveyance by fine and recovery [2 Wash. Real Prop. 181; *Young* v. *Young,* 7 Cold., 461]), the deed of the wife would be invalid without acknowledgment after privy examination, this being an indispensable part of the married woman's conveyance. Numerous cases so hold, but we cite only *Perry* v. *Calhoun,* 8 Humph., 554; *Rogers* v. *Wheaton,* 13 S. W., 689, 88 Tenn., 669, and *Eldridge* v. *Hunter,* 143 S. W., 892, 125 Tenn., 309, 40 L. R. A. (N. S.), 628.

The statutory modes of conveyancing the wife's separate estate, as distinguished from her general estate, lead somewhat to confusion when we come to consider

whether her certificate is intended to authenticate a deed for registration or whether intended as a substitute for the common-law mode of fine and recovery, intended to protect her against imposition, and adopted as the only means by which the husband could be deprived of his marital rights. It is urged that since Mrs. Hale acquired a separate estate under the deed from her husband, that the only mode of conveyancing it would be by privy examination.

The conveyance from W. T. Hale passed to Mrs. Hale a separate estate to her sole and separate use under the rule announced in *Carpenter* v. *Franklin*, 14 S. W., 484, 89 Tenn., 142, *Templeton* v. *Brown*, 5 S. W., 441, 86 Tenn., 50, and *Ferguson* v. *Booth*, 160 S. W., 67, 128 Tenn., 259, Ann. Cas., 1915C, 1079. It was an estate which she could convey under the statute, section 4246 of Shannon's Code, and, upon privy examination, without joinder of her husband. *Sherman* v. *Turpin*, 7 Cold., 382; *Peterson* v. *Reichman*, 23 S. W., 53, 93 Tenn., 71; *Dewey* v. *Goodman*, 64 S. W., 45, 107 Tenn., 252. It was distinguished from the general estate which she could convey upon concurrence of her husband and upon privy examination.

Before the Married Woman's Act of 1919, chapter 126, the real distinction between the separate estate and the general estate of the wife was the exclusion of the husband's marital rights in the separate estate—an exclusion which authorized the wife to convey without the husband. Under statutes prior to the Married Woman's Act of 1919, married women possessed all the power of a *feme sole* over their separate estates, and could convey such estates upon privy examination, unless the instru-

ment creating the separate estate withheld the power of disposition. It must be noted here that where the power to convey a separate estate as a *feme sole* was expressly conferred by the instrument creating the estate, the wife could convey by her deed without privy examination (*Gray* v. *Robb,* 4 Heisk., 74; *Funkhouser* v. *Fowler,* 101 S. W., 769, 117 Tenn., 539), thus recognizing the application of regular modes of conveyance to the wife when acting as a *feme sole,* and making applicable sections 3712, 3717.

The rights of married women were enlarged by chapter 126 of the Acts of 1919 so as to give all married women the status of *femes sole.* The marital unity in its relation to contractual and property rights was destroyed. Moreover, statutes relating to the authentication of deeds were amended, in so far as a direct conflict arose, by chapter 48, Acts of 1919; section 2 of which provides: "The acknowledgment of a married woman when required by law may be taken in the same form as if she were sole and without any examination separate and apart from her husband."

Before the statute of 1919, privy examination of the married woman under section 3753 was an indispensable part of her conveyance, except when she acted upon an express power. The certificate of the wife's privy examination under this section was valid without the statement that the probate officer was personally acquainted with the wife whose privy examination was taken by him. While, on the other hand, the certificate of acknowledgment under section 3712, which omitted the statement that the probate officer was acquainted with the grantor,

rendered the certificate void. *Bell* v. *Lyle,* 10 Lea, 44; *Mount* v. *Kesterton,* 6 Cold., 462.

The certificate of the probate officer of the privy examination seems to have rested upon the assumption that the husband had previously acknowledged the deed, and that a certification of the wife's privy examination sufficiently identified her as the wife of the grantor. However, it is proper to say that this assumption does not run through all the statutes, for some of them expressly provide that the wife may convey without concurrence of the husband, provided it be upon privy examination.

The question presented in this case seems not to have arisen since the existence of the Married Woman's Act of 1913-1919, but there are two cases which remotely relate to the question presented here.

In *Travis* v. *Sitz,* 185 S. W., 1075, 135 Tenn., 172, L. R. A., 1917A, 671, it is said the act removing the disabilities of coverture and practically making all estates of the wife separate estates did not interfere with or disturb the creation or operation of the equitable separate estate so long and so beneficially enforced and protected in courts of chancery. Nothing in this case, however, relates to the wife's mode of conveying under the Married Woman's Act.

In *Roach* v. *Francisco,* 197 S. W., 1099, 138 Tenn., 357, 1 A. L. R., 1074, it was said that the Married Woman's Act of 1913 did not dispense with privy examination upon alienation of the homestead, in view of article 11, section 11, of the Constitution, which prohibited alienation without the joint consent of the husband and wife.

It would seem to follow, as a result of *Roach* v. *Francisco,* that, where the deed conveys a joint estate of the

152 Tenn.—42.

husband and wife, and their joint consent to the conveyance is required, the wife's privy examination would necessarily follow. This case bears no relation to the act of a married woman conveying her estate in the exercise of her powers as a *feme sole.*

The effect of chapter 126, Acts of 1919, was to remove all the disabilities of coverture and clothe the wife with all the power of a single woman. *Snyder* v. *Jett,* 197 S. W., 488, 138 Tenn., 211.

By force of this act married women can alien their lands as if unmarried.

It is generally held in jurisdictions where similar statutes to ours have been passed that such statutes dispense with the privy examination under prior acts. See 1 A. L. R., 1098, note 5.

It is no longer necessary for the husband to join the wife in her conveyance so as to supply the benefit of his advice and guidance to prevent imposition upon her. Nor is it longer necessary to require privy examination to protect the wife from oppression of the husband. The Emancipation Act so declares. The common-law disabilities of married women and the attendant safeguards once supposed necessary to the well-being of society are supplanted by chapter 126 of the Acts of 1919, section 1 of which reads:

"Marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition, or disposition of property of any sort, or as to her capacity to make contracts and to do all acts in reference to property which she could lawfully do if she were not married; but every woman now married, or hereafter to be married shall have the same capacity to acquire, hold,

Jefferson County Bank v. Hale.

manage, control, use, enjoy, and dispose of, all property, real and personal, in possession, and to make any contract in reference to it, and to bind herself personally, and to sue and be sued with all the rights and incidents thereof, as if she were not married.''

The two acts of 1919 referred to destroy the reason for privy examination when the wife conveys an estate which she possesses in fee in her own right. The statement in the certificate required by sections 3712, 3717, authenticating a deed intended to identify the grantor and prevent deception and fraud in the transfer of real estate, touches society at large, and may be far-reaching in its effects, and compliance with the requirement that the grantor be personally identified by the probate officer is vastly more important than adherence to the useless formula of a privy examination, which now means nothing, and omits identification of the grantor.

In the readjustment of incongruous statutes it is necessary to adopt one or the other mode of acknowledgment and authentication, and, since the act of 1919 clothes married women with all the rights of a *feme sole,* it would seem to follow as a necessary result that her conveyances conform to the statutes which regulate the conveyance of land generally, except where she joins with the husband in the conveyance of a joint estate or a homestead. Otherwise the conveyances of married women might be put to record upon a fraudulent certificate of acknowledgment which omitted the very essential fact of identification.

The chancellor held that the certificate of acknowledgment omitting a statement identifying the grantor was ineffective to authorize registration.

Affirmed.