Mrs. Ella Granger, Complainant, Appellant, *v.* George M. Webster *et al.*, Defendant, Appellee.

*(Nashville,* December Term, 1930.)

Opinion filed April 4, 1931.

McGugin & Evans, for complainant, appellant.

Charles Willett, True & Dorsey and J. D. Sprouse, for defendant, appellee.

Mr. Justice Swiggart delivered the opinion of the Court.

The appeal of Mrs. Ella Granger, complainant below, presents for determination the validity of the registration of a deed by which she claims title to an undivided interest in a tract of real estate in Robertson County.

The land involved was the property of George W. Webster who died testate in 1891. By the terms of his will the land was devised to his widow for life, with remainder in fee to his five children. The life tenant remained in possession until her death, March 18, 1926. After the death of the life tenant, the defendant, George M. Webster, one of the five children, purchased the undivided interest of his four sisters, and then conveyed the entire title to his codefendant, Union Central Life Insurance Company, in trust to secure a loan of money. Neither George M. Webster nor his vendee in trust had any actual knowledge or notice of complainant's deed.

Complainant's grantor, Mrs. Gillie Broaderick, one of the five children of George W. Webster, deceased, conveyed her one-fifth undivided interest in remainder to complainant by deed dated and executed December 20, 1917. This deed was placed on record in the office of the Register of Robertson County November 12, 1918. Mrs. Broaderick was a married woman, and was joined in the deed by her husband. Execution of the deed was acknowledged by the husband in the form provided for single persons *sui juris* (Shannon's Code, all editions, section 3713), and by the wife in the form of privy acknowledgment set out in section 3753 of Shannon's Code. The two certificates of acknowledgment are as follows:

"State of Oklahoma, ⎱
"Greer County. ⎰ SS.

"Personally appeared before me, the undersigned Notary Public in and for the above named State and county, the within named N. M. Broaderick with whom I am personally acquainted and who acknowledged that he executed the within deed for the purposes therein contained.

"Witness my hand and seal this 20 day of December, 1917:

"(SEAL)        "C. E. HILL,
         "Notary Public.

"My commission expires 11-19, 1918."

"State of Oklahoma, ⎱
"Greer County. ⎰ SS.

"Personally appeared before me, the undersigned Notary Public, in and for the above named State and county, Gillie Broaderick, wife of the said N. M. Broaderick, having appeared before me privately and apart from her husband, the said N. M. Broaderick, acknowledged the execution of the said deed to have been done by her freely, and understandingly without compulsion from her husband, and for the purposes therein expressed.

"Witness my hand and seal this 20 day of December, 1917.

"(SEAL)        "C. E. HILL,
         "Notary Public.

"My commission expires 11-19, 1918."

If the form of acknowledgment provided for single persons was necessary for the acknowledgment of Mrs. Broaderick, it is obvious that the privy form was in-

sufficient, since it does not contain the recitation that the notary public was "personally acquainted" with her, or that she was "known" to him to be the person executing the deed. *Newton Finance Corp.* v. *Conner,* 161 Tenn., 441.

The chancellor held the registration of this deed ineffective and void as against the subsequent purchasers from Mrs. Broaderick, because not acknowledged by her in the form provided for single persons, as in section 3717 of Shannon's Code.

■ At the date of the execution of the deed, the Married Women's Act of 1913, chapter 26, was in effect. Section 1 of that act is identical with section 1 of the similar Act of 1919, chapter 126, copied in *Jefferson County Bank* v. *Hale,* 152 Tenn., 648, 658, 280 S. W., 408.

With reference to chapter 126 of the Acts of 1919, and its effect upon earlier statutes requiring privy acknowledgment of their deeds by married women, this court, in *Jefferson County Bank* v. *Hale, supra,* said:

"The effect of chapter 126, Acts of 1919, was to remove all the disabilities of coverture and clothe the wife with all the power of a single woman. *Snyder* v. *Jett,* 197 S. W., 488, 138 Tenn., 211.

"By force of this act married women can alien their lands as if unmarried.

"It is generally held in jurisdictions where similar statutes to ours have been passed that such statutes dispense with the privy examination under prior acts. See 1 A. L. R., 1098, note 5.

"It is no longer necessary for the husband to join the wife in her conveyance so as to supply the benefit of his advice and guidance to prevent imposition upon her. Nor is it longer necessary to require privy examination

to protect the wife from oppression of the husband. The Emancipation Act so declares. The common-law disabilities of married women and the attendant safeguards once supposed necessary to the well-being of society are supplanted by chapter 126 of the Acts of 1919.''

This language was quoted in the more recent case of *Cunningham* v. *Moore,* 161 Tenn., 128, 29 S. W. (2d), 654, as authority for the holding there made, that the privy acknowledgment of a married woman is no longer necessary to give effect to her deed conveying her homestead interest in the lands of her husband, and that this result followed from chapter 126 of the Acts of 1919, removing from married women the disabilities of coverture.

*Jefferson County Bank* v. *Hale, supra,* was concerned with the certificate of acknowledgment of a deed executed in 1924, subsequent to the enactment of Acts 1919, chapter 48, the Uniform Acknowledgment Act, which expressly authorizes acknowledgment by a married woman ''in the same form as if she were sole and without any examination separate and apart from her husband.'' While the court made proper references to that act, the opinion as a whole clearly discloses the view of the court that the necessary effect of the act removing the disabilities of coverture was to dispense with the necessity of the privy acknowledgment, and that this result did not follow solely from the Uniform Acknowledgment Act. In addition to the quotation to this effect hereinabove made, the court, in concluding the opinion, said: ''in the readjustment of incongruous statutes it is necessary to adopt one or the other mode of acknowledgment and authentication, and, since the act of 1919 clothes married women with all the rights of a *feme sole,* it would seem to follow as a necessary result that her conveyances conform to the statutes

which regulate the conveyance of land generally, . . . Otherwise the conveyances of married women might be put to record upon a fraudulent certificate of acknowledgment which omitted the very essential fact of identification.'' Therein is stated the essential basis and reason for the decision of the court, that an acknowledgment in the privy form executed in 1924 was ineffective and did not entitle the deed to registration; a conclusion clearly reached without regard to the provisions of the Uniform Acknowledgment Act of 1919.

The legal capacity of married women, with reference to the conveyance of their real property, was in no sense altered by chapter 126 of the Acts of 1919 from that possessed by them under chapter 26 of the Acts of 1913, except in so far as the provisions of sections 2-4 of the Act of 1919 may be said to limit the scope and effect of the later act. By section 1 of each of the acts, it was provided that ''marriage shall not impose any disability or incapacity on a woman as to the . . . disposition of property of any sort, or as to her capacity to make contracts and to do all acts in reference to property which she could lawfully do if she were not married.''

This court could not have ruled otherwise than that the effect of each of these acts, expressly enabling married women to convey their real estate by deed as if unmarried, dispensed with the necessity of privy examination. It had been the settled law for many years that power to convey real property as a *feme sole,* conferred upon a married woman by the deed under which she held her separate estate, enabled her to convey by deed as if she were unmarried, without privy acknowledgment. *Sherman* v. *Turpin,* 47 Tenn. (7 Cold.), 382; *Young* v. *Young,* idem, 461; *Peterson* v. *Rickman,* 93 Tenn., 71, 23

S. W., 53; *Dewey* v. *Goodman,* 107 Tenn., 244, 252, 64 S. W., 45. "Conveying as a *feme sole,* under the power conferred by the settlement, her privy examination as a *feme covert* becomes unnecessary." *Sherman* v. *Turpin, supra.* Power to convey as if single, conferred by statute, could be given nó less effect than had been so long conceded to the same power when conferred by deed or settlement.

Appellant relies upon statements of this court in *Jefferson County Bank* v. *Hale, supra,* at pages 655-656 of the official report, referring to the status of married women and their powers before the enactment of chapter 126 of the Acts of 1919, where the court said: "Before the statute of 1919, privy examination of the married woman under section 3753 was an indispensable part of her conveyance, except when she acted upon an express power." In using this language the court was endeavoring to arrive at the proper effect to be given to the statute of 1919, and obviously did not intend to construe chapter 26 of the Acts of 1913, to which no reference was made on the pages cited.

█ The case before us is ruled by the construction given the Act of 1919. The conveyance of Mrs. Broaderick was in her own right, executed under the Act of 1913 as if she were unmarried. To entitle such a deed to registration she must have acknowledged it in the form prescribed for persons *sui juris,* containing the identifying recitation that the probating officer was "personally acquainted" with her. The certificate of privy acknowledgment omits this essential recitation, and not being required to give the deed validity, was ineffective for any purpose.

■ The registration of the deed was accordingly invalid as against the defendants, subsequent and *bona fide* purchasers without notice. *Jefferson County Bank* v. *Hale, supra.*

The chancellor so ruled, and his decree will be affirmed.