**In re ENGLEWOOD MFG. CO.**
**No. 11714.**

District Court, E. D. Tennessee, S. D.
Aug. 31, 1939.

Jones & Davis, of Athens, Tenn., for petitioners.

H. M. Candler and Frank K. Boyd, both of Athens, Tenn., for bankrupt.

DARR, District Judge.

This is an action in bankruptcy. By proper procedure there is presented to the Court to decide the validity of the registration of a mortgage or deed of trust.

On December 23, 1933, the bankrupt executed a deed of trust to secure certain indebtednesses to the petitioners. The instrument was duly recorded in the register's office of McMinn county, Tennessee, on the same date.

The certificate of acknowledgment is in the statutory form except there is omitted the words, "with whom I am personally acquainted", or words, "to me personally known", or like words showing personal acquaintance by the probating officer with the persons executing the mortgage.

On June 16, 1939, the holders of the obligations secured by the mortgage had placed of record an instrument following the statutory directions to cure the defect in the acknowledgment above set out.

It is practically conceded by the petitioners' counsel in argument that the instrument recorded curing the defect would not relate back to the date of the original instrument. This is unquestionably true. The lien fixed in the trustee by the bankruptcy was prior to the recording of the curative instrument. It would be unreasonable to think that if the recording of the original instrument was not notice which fixed a lien, that it would be notice merely by the fact that the defect had been cured after another lien has been set up against the same property. In other words, that it could be retroactively vital when it was dead originally.

This feature of the complaint will be resolved against the petitioners. Bank of Jellico v. McCarty, 99 Tenn. 469, 42 S.W. 4; Stroud v. McDaniel, 80 Tenn. 617, 12 Lea 617.

The seriously controverted question is whether it is vital to a certificate of acknowledgment for proper authentication for registration that the words, "with whom I am personally acquainted", or words, "to me personally known," or words of like import, be contained therein.

This is an acknowledgment by officials of a corporation. The statutory direction for such acknowledgments is contained in the Tennessee Code, 1932, at Section 7663.

Petitioners claim that there is favorable significance in the fact that the statute provides that the forms may be "substantially the following". This could not be true in view of the fact that Section 7669 of said Code, a much older law, provides that any of the forms of acknowledgments are good if substantially followed. This is also true under reason and by authority. Newton Finance Corporation v. Conner, 161 Tenn. 441, 33 S.W.2d 95; 72 A.L.R. 1289.

It is conceded that the omission of words identifying the signers of the instrument by the probating officer is fatal in an acknowledgment of natural persons. The authority is abundant to sustain this concession. Sufficient to cite Granger v. Webster, 162 Tenn. 459, 36 S.W.2d 883; Newton Finance Corporation v. Conner, supra; Jefferson County Bank v. Hale, 152 Tenn. 648, 280 S.W. 408; Figuers v. Fly, 137 Tenn. 358, 193 S.W. 117.

But the petitioners claim that there is a distinction between an acknowledgment of an individual and a corporate acknowledgment and that the recitation in the certificate by the certifying official that he is personally acquainted with the signing corporation officers is not of substance, but a permissive form.

The idea underlying the holdings to the effect that there must be a personal identification of individual grantors in a certificate of acknowledgment is to prevent fraud. That the very person or persons signing the instrument are personally known to the probating officer and thus prevent unwarranted persons from making illegal transfers. It is not contemplated that this would prevent all fraud but would be a provision that would tend to keep down fraudulent transactions.

In the form of corporate acknowledgment the certifying official is not required to know that the individuals are corporate officers, but they identify themselves as

such, with authority to act for the corporation by affidavit in the acknowledgment. And further they . acknowledge themselves under oath as having executed the instrument on behalf of the corporation. The only part of the certificate that is of the personal knowledge of the certifying officer is that the corporation officers personally appeared before him and that he was personally acquainted with them and that they made the other acknowledgments under oath.

It is true that a probating officer might personally know the persons representing themselves to be corporation officials, and such persons make false affidavit as to their official capacity or right to make transfer for the corporation, or both. It is probable that such false oath would be perjury. Such an arrangement contemplates the idea that the probating official would not generally know nor could not ascertain that particular persons were officials of certain corporations and that such persons had authority to make transfer for a corporation. But if they make oath to this effect, under penalty for false swearing, this would be a precaution to prevent fraud.

■ It is a further safeguard in preventing fraud that the certifying official should be personally acquainted with the corporation officers. A probating official with personal knowledge of individual identity would be in a position to know with reasonable certainty whether the persons claiming to be corporation officials were such officials. That is, he would know the type of men they were and get a general idea as to the legitimacy of the transaction. A form of acknowledgment is not simply so many words in a certain arrangement, but is a direction of what the probating official must do. He is not an automaton, but an official performing an important function and must do those things as directed by the form certificate as will come nearest in preventing any sort of fraud or imposition. One of those directions is to have personal acquaintance with the corporation officers.

■ After considerable investigation no direct authority is found where this exact question was presented. By analogy from the cases heretofore cited and authorities hereunder referred to, and upon principle, it is clearly evident that a probating officer must identify personally corporation officers in a corporate acknowledgment.

1 Corpus Juris Secundum, Acknowledgments, § 92, pp. 857, 858; 1 Am.Jur., P. 362; Annotation, 29 A.L.R. P. 989, et seq.; Annotation, Ann.Cas.1918C, 355; Annotation, 72 A.L.R. P. 1290; Great American Indemnity Co. v. Utility Contractors, 21 Tenn.App. 463, 111 S.W.2d 901, 907; Kelly v. Calhoun, 95 U.S. 710, 24 L.Ed. 544; Toledo Computing Scale Co. v. Computing Scale Co., 7 Cir., 208 F. 410, 415.

The last cited case is very persuasive. It was decided by the Circuit Court of Appeals in the 7th Circuit in 1913, and involved a Massachusetts acknowledgment. At that time, as well as now, Massachusetts had the Uniform Acknowledgments Law. In the Tennessee statute, second alternate form is the same as provided in the Uniform Acknowledgments Law, thus being the same as the Massachusetts form. On the question of the identity of acknowledgers both forms of the Tennessee statute are in substance the same. The Court said in the last cited case as follows: "In regard to the acknowledgment of a corporation's conveyance, the Massachusetts statutes (Rev.Laws Mass.1902, c. 127, §§ 7 and 18) required (what is commonly called for in all jurisdictions with which we are familiar) that the notary's certificate should show that the persons who signed as officers were personally known to the notary, that on oath they stated they were such officers and were authorized by the board of directors to execute the instrument, and that the corporation either had no seal or that its genuine seal was affixed to the instrument, and that they thereupon acknowledged said instrument to be the free act and deed of the corporation."

■ The words "personally appeared" are not equivalent to the words "with whom I am personally acquainted," or "to me personally known". An examination of the above authorities is conclusive of this. In addition the Legislature would not have provided for personal appearance and a personal acquaintanceship if the first had covered the latter.

■ It is insisted that this is a case in equity and that the equities are with the petitioners. Without discussing the merits of this claim, and assuming that the equities are with the petitioners in this particular case, it must be remembered that an act of a legislative body is a mandate from the people, which is, in theory at least, promulgated for the greatest good

for the greatest number. The Courts have no right to change legislation in a given case even though the Court might feel that the equities are not fully met.

The Court being of the opinion that the certificate of acknowledgment is fatally defective, the registration of the trust deed was not notice; and there was no lien created thereby in favor of the petitioners as against the lien fixed by the bankruptcy.

An order will be prepared for entry in accordance with this opinion.