ROBINSON v. OWENS.

(*Jackson.* June 23, 1899.)

VENDOR AND VENDEE. *Vendor's equity.*

The vendor's equity, or implied lien, for the purchase price of land is defeated by the vendee's sale and conveyance of the land before the institution of suit to fix and enforce it.

Cases cited and approved: Brown *v.* Vanlier, 7 Hum., 238; Green *v.* Demoss, 10 Hum., 371; Russell *v.* Dodson, 6 Bax., 16; Jones *v.* Ragland, 4 Lea, 539; Simpkinson *v.* McGhee, 4 Lea, 432; Washington *v.* Ryan, 5 Bax., 622; Knowles *v.* Masterson, 3 Hum., 619; Myers *v.* Ross, 3 Head, 60; Kirkpatrick *v.* Wood, 5 Lea, 435.

Cited and overruled: Jarman *v.* Farley, 7 Lea, 141.

FROM GIBSON.

Appeal from Chancery Court of Gibson County. JNO. S. COOPER, Ch.

WALKER & BIGGS and R. P. RAINES for Robinson.

SPL. HILL for Owens.

BEARD, J. The complainant seeks to enforce an implied vendor's equity against real estate which the defendant, Vesey, purchased in good faith from complainant's vendee, Owens, who at

the time of the sale was in possession under a deed from complainant conveying title in fee, reciting, however, that of the original purchase money a part only was paid in cash, and the balance was evidenced by two notes, due respectively in December, 1894, and 1895. The defendant, Vesey, made his purchase in December, 1894, in good faith, and without actual notice that these notes were unpaid.

It is conceded complainant retained no express lien, but he insists the recital in his deed to his vendee that the land was sold partially on credit, put the defendant, Vesey, on inquiry, and that he was bound, at his peril, to inform himself as to whether the purchase money notes had been paid since the execution of the deed. *Deason* v. *Taylor,* 53 Miss., 697; *Honore's Executor* v. *Blakewell,* 6 B. Mon., 67; *Willis* v. *Gay,* 48 Texas, 463.

Granted this principle, the question yet remains, Will complainant's equity be permitted to prevail as against the defendant, who also has a strong equity, and, in addition, the legal title?

Whatever may have been the favor which was accorded to the vendor's implied equity in the earlier cases reported in this State, the later ones have greatly abridged its scope and effect. An examination of these later cases makes this clear. In *Brown* v. *Vanlier,* 7 Hum., 238, it was held that this equity was superior to the claims of a

Robinson v. Owens.

trustee and *cestui que trust,* who claimed under
a conveyance of the land made by the vendee to
secure pre-existing debts, when the vendor filed
his bill to enforce it before the trust was exe-
cuted. The authority of this case, however, was
much weakened, · if not destroyed, by that of
*Green* v. *Demoss,* 10 Hum., 371, where it was
held that the rights of beneficiaries in a trust
deed made to secure antecedent debts, would pre-
vail over the implied equity of a vendor of
land, if these beneficiaries. had accepted the trust
before the vendor had taken active steps to as-
sert this equity; and this whether they had or
had not notice of the subsisting equity. If this
be mere dictum in the opinion delivered in that
case, as has been insisted, at least the question
came directly in issue in *Fain* v. *Inman,* 6
Heis., 5; and there a creditor who took a trust
deed to secure a pre-existing debt, with full no-
tice that the purchase money of the land con-
veyed had not been paid, prevailed as against
the vendor's equity, when the bill to enforce this
equity was filed after the acceptance of the bene-
fits of this deed. In its opinion the Court, with
regard to this equity, quotes approvingly from 1
Leading Cases in Equity, 384, as follows: "It is
not a lien until a bill has been filed to assert
it; before that is done, it is a mere equity or
capacity to acquire a lien and to have a satis-
faction of it." In · conclusion it is said: "If

this floating equity, misnamed in judicial parlance the vendor's lien, be not quite a myth, but a mere capacity in the vendor to acquire a lien if he chooses, then this same capacity belongs to others, who, as creditors, have rights just as meritorious as his. And we hold that the simple knowledge on the part of a creditor that the vendor, sleeping from year to year upon his rights, may, if he chooses, acquire a lien, as the creditor himself is about to do, cannot, even in the forum of conscience, impair the value acquired by the creditor. In such case there is no *mala fides.*"

In *Russell* v. *Dodson,* 6 Bax., 16, the same doctrine was announced, as also in *Sharp* v. *Fry,* 9 Bax., 4. In this latter case the whole question is gone into with much thoroughness, and it was there held that the right of the vendor who conveys real estate, without retaining a specific lien, was only to file a bill and convert a floating equity into a fixed lien.

This view was reannounced and applied in *Jones* v. *Ragland,* 4 Lea, 539, and recognized in *Simpkinson* v. *McGee,* reported on pages 432 *et seq.* of the same volume.

Again applying this same rule in *Watson* v. *Watson,* 1 Bax., 387, it was held that this equity, which was not ripened into a fixed lien by the vendor before suggestion of the insolvency of the estate of the deceased vendee, was extinguished

by such suggestion, and thereafter the vendor was a simple contract creditor of the vendee's estate.

Thus it will be seen this equity of the vendor has been stripped of much of its vitality, and has been confined within extremely narrow limits by these cases. The question now recurs, Will it be enforced against the defendant, Vesey, who bought in good faith, believing that he was acquiring a clear and unincumbered title, the purchase having been made by him four years after the last of complainant's notes matured, and from one in possession claiming title in fee?

If the contention of complainant is sound, that this question must be answered in the affirmative, then if Owens, the vendor of Vesey, had, on the day he made deed to the latter, conveyed to him only one-half the land, instead of the whole, for a valuable consideration passing at the time, and then conveyed the other half to a trustee to secure the payment of antecedent debts of the vendee, the title of the purchaser would yield to the original vendor's claim whatever bill was filed to enforce it, upon the bare ground that Vesey, in the absence of actual notice, was held to constructive notice by reason of the recitals in the original vendor's deed showing the land was sold on credit, while in favor of the beneficiaries in the trust deed accepting its terms with notice of this outstanding equity, the Court would even go to the length of presuming an acceptance of

the benefits of the instrument (*Washington* v. *Ryan,* 5 Bax., 622), so as to defeat the same vendor subsequently filing his bill to enforce his equity.

Such a condition, we think, would be anomalous, and the conclusions reached in the two cases irreconcilable. Both ought not to be maintained. Certainly the equity of the purchaser in the given case is as high as that of the beneficial owner of the secured debt, and the equities of both, which have become fixed, substantive claims, are higher than the unfixed equity of the vendor.

But it is said the cases from *Green* v. *Demoss, supra,* to *Jones* v. *Ragland, supra,* rest alone upon the assumption that a beneficiary in a trust deed is a "creditor," and is unaffected by notice, under our registration laws, and that they, therefore, cannot be invoked as authority by the defendant, Vesey, who is a purchaser.

While it is true the *cestui que trust* is there called a creditor, yet it is well settled that a trust deed is nothing more than a mortgage with power of sale added (2 Jones on Mortgages, Sec. 1769), and that the beneficiary in such a conveyance is a purchaser for a valuable consideration. *Knowles* v. *Masterson,* 3 Hum., °619; *Myers* v. *Ross,* 3 Head, 60; *Simpkinson* v. *McGee,* 4 Lea, 432.

Now, this being so, how would stand the case of a creditor who secures his debt, not by a trust deed, but by a mortgage made direct to

himself? In such a case it is unquestioned that the mortgagee is a purchaser for value. *Kirkpatrick* v. *Wood,* 5 Lea, 435; *Stockton* v. *Craddock,* 4 La. Ann., 285; *Martin* v. *Jackson,* 27 Pa. St., 504; 1 Jones on Mortgages, Sec. 458.

If the contention of complainant is sound, this mortgagee with notice must yield to the vendor's equity, while the other, who stands upon no higher ground, is to be saved from it. Upon what sound principle are the cases to be distinguished? We can see none. The same rule should be enforced either against or in favor of both. They stand on the same ground, and while each is a secured creditor, each is also a purchaser.

Again, it is equally well settled that a trustee is a purchaser for value. *N. O. Canal Co.* v. *Montgomery,* 95 U. S., 16; *Kenner* v. *Trigg,* 98 U. S., 50; 1 Jones on Mortgages, Sec. 458.

And it is also true that the general rule is that notice to the trustee affects the beneficiary in the trust deed (*Myers* v. *Ross, supra; State* v. *Benoist,* 37 Mo., 500; Bump. on Fr. Con., 364), yet, in the case of *Sharp* v. *Fry, supra,* the facts distinctly appeared that the trustee, at the time of the execution of the trust deed, had knowledge of an outstanding vendor's equity against the land conveyed to him, yet this was not ascribed to the beneficiary so as to defeat his claims, having accepted, as he did, the terms of

the trust deed before the vendor filed his bill to enforce his equity.

So, it is apparent, from an examination of our cases, that neither a trustee, who is a purchaser, nor a beneficiary in the trust conveyance, who is also a purchaser, is affected by notice of this unsatisfied equity, where there is acceptance of the benefits of the trust before the vendor had converted it into a fixed lien by filing his bill to enforce it. Why, then, should one in the position of the defendant, Vesey, a purchaser for a valuable consideration passing at the time he receives his deed, yield his substantive rights to this same equity? We see no reason for such a discrimination. The rule which protects the one should afford equal protection to the other. This can be done, and the cases harmonized, by holding that the vendor who sells and conveys real estate without reserving a specific lien, may enforce his equity, as against his vendee and mere volunteers, at any time before conveyance; but as against purchasers from and creditors of the vendee, he comes too late, if he has delayed filing his bill and fixing a charge on the property until after they have acquired rights and evidenced them through the public records of the State, as the law provides. The case of *Jarman* v. *Farley,* 7 Lea, 141, so far as it may be in conflict with this opinion, is overruled. The result is, the Chancellor's decree is reversed and complainant's bill is dismissed.