Lee *v.* Gibson.

LEE *v.* GIBSON.

*(Jackson.* June 6, 1900.)

MECHANICS' LIEN. *Superior to vendor's, when.*

Mechanics' lien is superior to vendor's, where, as inducement to his conveyance of the land, the vendor stipulates that certain buildings and improvements shall be erected thereon, according to plans and specifications, and at a price, to be approved by himself, and agrees to advance and loan a certain sum to the vendee for this purpose, the last installment of which was not to be paid until the land was cleared of all other liens than the vendor's, and where the mechanic's lien is created for labor and materials employed in making the stipulated improvements.

Case cited: Ragan *v.* Howard, 97 Tenn., 334.

FROM SHELBY.

Appeal from Chancery Court of Shelby County. F. H. HEISKELL, Ch.

PIERSON & EWING and HENRY CRAFT for Lee.

SMITH & TREZEVANT and H. D. MINOR for Gibson.

BEARD, J. The bill is filed to enforce the liens of certain mechanics and laborers on a lot, and the improvements on it, lying near the city of Memphis. The following facts are disclosed in

the record: James Gibson purchased from one Bailey the property, and took from his vendor a deed which contains this clause:

"One of the inducements for the sale and conveyance of this lot by said J. A. Bailey to said Gibson is that said Gibson has agreed with said Bailey to improve the same with a two-story, stone-veneered dwelling house, with eight rooms, according to plans and specifications prepared by said Gibson, and this day submitted to said Bailey, and has further agreed to inclose the lot with a neat and substantial fence, and to erect and construct all necessary outhouses, cistern, and walks upon the lot, the entire improvements to cost not less than $2,500, and to be completed in eight months from this date.

"Now, to assist said Gibson to make these improvements, said Joseph A. Bailey agrees to lend him the sum of $1,191.51, to be paid over thus: $397.17 when the walls, roof, and plastering are completed, and receipted bills for all labor and material are produced showing the property to be free from lien. The rest of the money is to be paid out as follows: $397.17 when the doors and windows are in place, and the inside finish of the whole building is on. The remaining $397.17 thirty-five days after the completion of the entire work, provided the property is then free from all lien other than that for Bailey's benefit."

Before its registration, however, the vendee be-

gan the erection of the house, as he was obli-
gated to do, and continued the work of improve-
ments until his death in the August following.
During its progress the complainants, as well as
the intervenors in this cause, upon contracts made
with him, furnished materials for and bestowed
labor upon its construction. At his death the bal-
ances claimed in the bill and intervening peti-
tions were due from him on these contracts, and
the object of the present bill is to enforce these
liens against the property, as superior to those of
the vendor. Are they superior? We think they
are.

Having vested title in Gibson and placed him
in possession of the lot under a contract to build
this house, according to plans and specifications,
and at a price approved by the vendor, upon
what equitable principle can the latter now de-
cline to recognize the claims of laborers and ma-
terialmen, who aided this vendee in his effort to
comply with his contract? Bailey, when he im-
posed this obligation, as a matter of law, was
bound to know that if in the erection of the
contemplated improvements Gibson failed to pay
these parties, liens in their favor would arise,
which might be enforced against the property.
That he anticipated this contingency is apparent
from the face of the instrument, in which he
undertakes to protect himself against loss by such
liens by a provision which empowered him to with-

Now, as to parties who furnished materials for and did labor upon this house upon the authority of this contract, we can conceive of no rule of equity which can be invoked by Bailey to repel them.

This case is covered by that of *Ragan* v. *Howard,* 97 Tenn., 334. Whether the work was done and materials were furnished before or after the registration of the deed is immaterial, as it is clear that the liability on these accounts was incurred by Gibson after his contract with Bailey.

The claim of the intervenors, Stewart & Co., is not before us, as the decree of the Chancellor dismissing their petition was not appealed from.

The decree of the Court below is affirmed.