BROWN *v.* BROWN.

(*Jackson.* May 25, 1901.)

1. RESULTING TRUST. *Waived, when.*

A resulting trust is waived by the party, in whose favor it arises, accepting a mortgage on the land for the amount due him. (*Post, pp. 351, 352.*)

Cases cited: Gregg *v.* Jones, 5 Heis., 443; Lane *v.* Logue, 12 Lea, 685.

2. MORTGAGES AND DEEDS OF TRUST. *Not barred, when.*

The foreclosure of a mortgage, which secures past due debts, is not barred by the lapse of ten years from its date, where it provides for its enforcement by sale of the lands after six months' notice to the debtor to pay the debts secured and the required notice has not been given. The statute begins to run in such case only from expiration of the six months' notice. (*Post, pp. 350–352, 353.*)

Act construed: Acts 1885, Ch. 9.

Case cited: Johnston *v.* Grosvenor, 105 Tenn., 362.

---

FROM MADISON.

---

Appeal from Chancery Court of Madison County. A. G. HAWKINS, Ch.

BULLOCK & TIMBERLAKE for complainant.

JOHN L. BROWN for defendant.

MCALISTER, J. This bill was filed to foreclose a deed of trust. A demurrer was interposed by

the guardian *ad litem* of the minor defendant, as-
signing as cause: (1) That the deed of trust was
barred by the statute of limitations; (2) that the
deed of trust required six months' notice of demand
of payment, and that this provision was not com-
plied with. The Chancellor sustained the demurrer,
adjudging that the trust deed was barred, and dis-
missed the bill as to all parties.

It is insisted in this Court, on behalf of com-
plainants, that the Act of 1885, barring deeds of
trust, mortgages, etc., in ten years, provides that
it must be enforced within ten years *from the ma-
turity of the debt*, and not within ten years from
the date of the instrument. It is insisted in the
present case that the deed of trust provides that the
right to foreclose does not accrue until after six
months' notice to pay has been given the maker.
No specific time for the payment of the debt is
expressed in the trust deed. All of the debts se-
cured were past due at the date of the trust deed.
The only provision of the trust deed touching the
maturity of the debts is, viz.: "Now, should I pay
or cause to be paid any or all of the aforesaid
sums set out, after six months' notice to me to
pay the same by any or all of the said parties,
severally or jointly, then this conveyance to be void;
otherwise to remain in full force and effect."

It is shown by the bill that no demand was ever
made, or notice given as provided by the trust
deed, and two reasons are given for this omission,

namely: (1) That, while complainants were aware that a conveyance had been made for their benefit, they were under the impression that, instead of it being a trust deed, it was a deed reserving to the grantor a life estate; (2) that the grantor was the father of complainants, and they were unwilling to foreclose the deed of trust in his lifetime; (3) it is further insisted that, since the death of their father, no administrator has been appointed, and there has been no one to whom they could make a demand for the payment of said indebtedness.

Again, it is argued the trust deed is not barred by the statute of ten years for two reasons. First, it appears from the face of the trust deed that L. L. Brown, the maker, purchased the land conveyed with funds held by him as guardian, which fund belonged to claimants, and they insist that, by the use of said money in purchasing the land, a resulting trust was created in favor of complainants, and that no statute of limitations will bar a resulting trust. But the execution of the deed of trust on the land so purchased with the funds of complainants, and the acceptance by them of that deed of trust, was the acceptance of a security for their money, which they held under the provisions of the trust deed. So that their rights must be determined by the trust deed, and not upon the principles of a resulting trust. An analogy may be found in the case of a vendor's lien. If the vendor give a bond for title, or take a mortgage or deed of trust to

secure his purchase money, what is known as the vendors's lien no longer exists. The vendor's security in the one case is the title retained, in the other case the title is conveyed for his security. White's Equity Cases, 244; Adams' Equity, side page 128, note 2; *Little* v. *Brown*, 2 Leigh, 353. If the vendor takes a mortgage upon the land sold, it is as much a waiver of his lien as if he were to take personal security or a mortgage upon other lands. Adams' Equity, side page 128, note 2; 2 Vernon, 281. These principles were recognized and applied in the case of *Anna Gregg* v. *Charles Jones*, 5 Heis., 443. See, also, *Lane* v. *Logue*, 12 Lea, 685. So that the acceptance of a deed of trust on this land was, in our opinion, a waiver of any right that complainant might have to set up a resulting trust. And the question remains whether or not the deed of trust is barred by the statute of ten years.

The statute provides that the trust deed shall be barred unless the suit is brought within ten years from the maturity of the debt. In the present case the trust deed provides, viz.: "Now, should I pay or cause to be paid any or all of the aforesaid sums above set out, after six months' notice to me to pay the same, by any or all of the said parties, severally or jointly, then this conveyance to be null and void, otherwise to remain in full force and effect." It will be observed that the right to foreclose this deed of trust does not accrue until six months after notice

to pay or demand has been made upon the maker.

No specific time is fixed in the trust deed for the maturity of the debts therein secured, and, until demand of payment was made, they had not matured, in the sense of the statute. In *Johnston* v. *Grosvenor*, 21 Pickle, 362, it was insisted the deed of trust sought to be foreclosed was barred by the statute of ten years. We ·said that a conclusive answer to that contention was that no definite time was fixed in the trust deed for the maturity of the debt. It is true, said the Court, the note secured by the trust deed is dated in 1884, and is payable one day after date, but, under the scheme of building and loan associations, it was not expected that the note would be paid or the debt mature at once. The agreement of the mortgagor is to make his monthly payments until the stock matures, and he undertakes to secure the payment of a series of small sums during an indefinite period. " Since a building association loan is intended not to be repaid, but to be extinguished by the maturity of the borrowed stock, it does not fall due until that event occurs, when there is default in the payment of dues, interest, or other charges, or the association becomes insolvent or is dissolved, thus creating a breach of the contract, and, consequently, the mortgage given to secure the loan cannot be foreclosed until the happening of one of these events," etc.

· The time fixed in the present deed of trust for the maturity of the deed was when demand of pay-

23 P—23

ment should be made, and, as no such demand was made during the life of the maker, we hold this trust deed is not barred.

The decree of the Chancellor is reversed, the demurrer overruled, and the cause remanded.