SAVINGS, BUILDING & LOAN ASS'N v. McLAIN et al.—76 S. W. (2d) 650.

Eastern Section.   August 25, 1934.

Petition for Certiorari denied by Supreme Court, November 30, 1934.

Williams, Miller & Winston, of Johnson City, for appellant.
Sam W. Price, of Johnson City, for appellees McClain.

CROWNOVER, J.  This is a controversy between a purchaser whose deed was defectively acknowledged and registered, and a subsequent mortgagee, and involves questions of priority of registration and notice.

F. A. Dingus and wife, on December 16, 1929, conveyed a house and small tract of land to Reece and Jones for the consideration of $5,500, the deed reciting that it was agreed that $2,100 should be paid in cash, and when Reece and Jones should be able to procure a loan of $2,000 upon the property that amount should be paid to Dingus, and a second mortgage should be given to Dingus for the balance of the consideration.  Reece and Jones on the same date conveyed a one-half interest in the property to E. S. McClain and wife, warranting the title to be free and unincumbered.  Reece and Jones later secured a loan of $2,100 from complainant Savings, Building & Loan Association, the amount of which was paid to Dingus, and which was secured by a first mortgage on the property, Dingus assigning his rights to the loan company.

Both the deeds from Dingus to Reece and Jones and from them to McClain and wife were defectively acknowledged, in that the certificate of acknowledgment did not contain statement that the notary was "personally acquainted" with the bargainors or that the persons were "known" to him.  The loan company's mortgage or deed of trust was correctly acknowledged and recorded on February 20, 1930, and it claimed that it had no knowledge of the deed to McClain.

The loan company filed its original bill in this cause to collect the loan of $2,250, with interest, secured by a deed of trust on the property, and for sale of the property.  The bill, together with various amendments, alleged that the loan company had a first lien on the

property under its trust deed from Reece and Jones, and that the deed of Reece and Jones to the McClains for a one-half interest in the same property was subject to this lien, and was so intended by all the parties, regardless of the fact that said McClains' deed was registered prior to the registration of the deed to Reece and Jones, which was executed on the same date, and prior to the making of the loan and recording of the mortgage; that the acknowledgment of the Mc-Clain deed was defective, therefore the deed did not give constructive notice, and complainant had no actual notice of said deed when it made a loan upon the whole property; that the deed from Reece and Jones to McClain showed upon its face that it was executed and delivered prior to the vesting of title in the vendors, therefore not being clothed with title they could not convey any interest in the property; that, as McClain must claim title through the Dingus deed, he is bound by its recitals; and that complainant is entitled to be subrogated to the rights of Dingus.

The defendants McClain and wife answered the bill and the amendments thereto, denying the allegations of same, except as to the purchase of the property, and insisting that they had no knowledge of mortgage and did not agree to its execution, and that their deed had priority over the mortgage, as the complainant had knowledge of their title.

⋅ The chancellor found that McClain and wife were not parties to the negotiations of Reece and Jones with the loan company and had no knowledge of such negotiations before the purchase by them; that Reece and Jones perpetrated a fraud on the loan company, but the McClains had no actual knowledge of it; that the McClain deed was registered two days before the Dingus deed to Reece and Jones; that, as the acknowledgment of the deed from Dingus to Reece and Jones was defective, the McClains did not have actual notice of the deed. He further held that, at the time of the correction of the deeds in 1932, complainant loan company knew the exact terms of the Mc-Clain deed, so the rights of the parties must be determined without regard to the fact or date of the registration of the title papers. He decreed that the McClains were vested with a one-half undivided interest in the property, free from the lien of the mortgage, and dismissed complainant's suit as to the McClains, but rendered a decree for $2,250 in favor of complainant and against Reece and Jones, and ordered a sale of a one-half interest in said property.

Complainant loan company excepted to said decree and appealed to this court, which was granted, and has assigned errors as follows:

(1) The chancellor erred in failing to find that the defendants Mc-Clain and wife had actual knowledge of the recitals in the Dingus deed and of the plan and purpose of their vendors to secure a first mortgage upon the entire property.

(2) The chancellor erred in failing to find that the McClains had constructive notice of the recitals in the Dingus deed, because (a)

their attorney drew the Dingus deed and had actual knowledge of its recitals, and they were chargeable with what their attorney knew; and (b) they claim title under the Dingus deed and are therefore bound by constructive notice of its recitals.

(3) The chancellor erred in holding that the acknowledgment to the trust deed in favor of the Savings, Building & Loan Association was defective.

(4) The chancellor erred in failing to hold that complainant was entitled to be subrogated to the equitable lien contained in the Dingus deed.

(5) The chancellor erred in holding that complainant had been sufficiently warned of the outstanding interest of McClain to put it upon inquiry, and that, having been put upon inquiry, it was chargeable with all facts which such inquiry would have disclosed.

F. A. Dingus was the owner of five acres of land with a house on same in Johnson City. About September, 1929, C. H. Reece and J. M. Jones began negotiating with him for the purchase of same. The consideration, as agreed upon, was $5,500, to be paid as follows: $2,100 cash in hand paid, $2,000 "to be paid as soon as the vendees can procure loan for that amount on the said property hereinafter conveyed and the balance to be evidenced by promissory notes of the vendees and secured by a second mortgage on the said premises."

On September 5, 1929, Reece made application to the complainant Savings, Building & Loan Association for a loan upon this property, to be consummated when he acquired title. The house and land were appraised at $4,500, and a loan of $2,250 was approved.

On December 16, 1929, Dingus, Reece, Jones, and McClain, each accompanied by his wife, went to the office of an attorney, S. W. Price, where deeds were drawn and acknowledged before a notary public. (1) Dingus and wife conveyed to Reece and Jones and wives said five-acre tract. (2) Reece and Jones and wives conveyed to McClain and wife a half interest in said tract of five acres for McClain's farm. (3) McClain and wife conveyed to Reece and Jones and their wives their farm for a one-half interest in the five acres and other considerations.

The deed from Dingus to Reece and Jones for the five acres was dated October 12, 1929, acknowledged December 16, and recorded December 18, 1929, for the consideration above stated. The acknowledgment was defective. On January 8, 1932, it was correctly acknowledged and on that date again registered.

The deed from Reece and Jones to McClain and wife conveyed a one-half interest in said property. It was dated December 12, 1929, acknowledged and recorded December 16, 1929. The consideration stated was the conveyance to Reece and Jones of an interest in a farm. No mention was made of the mortgage to be obtained. The deed states that the property is free and unincumbered, and that it is the property conveyed to Reece and Jones by Dingus. The deed

was defectively acknowledged, but was later correctly acknowledged, on March 28, 1932, and again registered on that date.

The McClains conveyed their farm to Reece and Jones, the half interest in the above-mentioned property being part payment.

On February 19, 1930, Reece and wife and Jones and wife executed a deed of trust on the entire property to secure the loan company's loan of $2,250. The deed of trust was correctly acknowledged on the same date and registered on February 20, 1930. Reece and Jones directed by written order the loan company to pay Dingus $2,100. On February 21, 1930, the loan company gave him their check for $2,038.80, after paying expenses, and obtained from F. A. Dingus an indenture agreeing that the loan company's deed of trust should constitute the first valid lien against the property and Dingus' lien should be subordinate to it. This indenture was executed and acknowledged on February 20, 1930, and recorded February 22, 1930.

The trust deed securing Dingus for the $1,400 unpaid purchase price on the said five-acre tract was dated December 16, 1929, and recorded December 23, 1929.

In the early part of 1931, Reece and Jones having failed to pay the amount due on the loan, the loan company advertised the property for sale under the deed of trust. Whereupon, the McClains asserted their right to a one-half interest in the same. Complainant then filed the bill in this cause as hereinabove set out.

■■ We are of the opinion that the preponderance of the evidence shows that the McClains thought they were buying a one-half interest in the property, free and unincumbered, and had no actual knowledge that Reece and Jones intended to mortgage the whole tract. Both Mr. and Mrs. McClain so testify. Stafford's testimony does not indicate that the McClains knew that Reece and Jones would attempt to mortgage their one-half interest. But McClains' deed refers to the deed from Dingus to Reece and Jones, which deed contains recitals of the payment of the purchase money, as hereinabove stated, and therefore McClain is affected with knowledge of these facts. As a general rule, one claiming lands is chargeable with notice, not only of every matter affecting the estate which appears in his deed, but also of matters which appear on the face of any deed forming an essential link in the chain of instruments through which he deraigns title. 66 C. J. 1123, 1124, section 955; Teague v. Sowder, 121 Tenn., 132, 114 S. W., 484; Land Co. v. Hill, 87 Tenn., 589, 11 S. W., 797; Pulliam v. Wilkerson, 7 Baxt., 611.

"A purchaser is affected with notice of the recitals in the instruments forming his chain of title and material thereto, whether recorded or not." 66 C. J., 1126, section 957; Land Co. v. Hill supra; Payne v. Abercrombie, 10 Heisk., 161; Kobbe v. Harriman Land Co., 139 Tenn., 251, 201 S. W., 762.

■■ But we think that the question of McClain's knowledge of the recitals in the Dingus deed about the payment of consideration is

immaterial, for the reason that Dingus had merely an equitable right to a vendor's implied lien, as he had not expressly retained a vendor's lien in the face of his deed. Dingus agreed to take a second mortgage on the property to secure the balance of the purchase price, and he thereby waived his implied lien. 12 Michie's Digest of Tenn. Reports, 378, 379; Brown v. Brown, 107 Tenn., 349, 65 S. W., 413; Lane v. Logue, 12 Lea, 681, 685; Gregg v. Jones, 5 Heisk., 444; Bank of Tennessee v. Erwin, 2 Shan. Cas., 442. The vendor's equity, or implied lien, for the purchase price of land, is defeated by the vendee's sale and conveyance of the land before the institution of suit to fix and enforce it. Robinson v. Owens, 103 Tenn., 91, 52 S. W., 870.

■ Hence the first assignment of error to the effect that the chancellor erred in failing to find that the McClains had actual knowledge of the Dingus deed and of the plan and purpose of the vendors to secure a first mortgage upon the entire property is immaterial and not a determinative question in the case. It is true that McClain had constructive notice of the recitals of the Dingus deed, but that is immaterial.

■ It follows that the assignment that the chancellor erred in failing to hold that complainant was entitled to be subrogated to the equitable lien contained in the Dingus deed is not well made, because Dingus had no equitable lien on that one-half interest after Reece and Jones had executed the deed to the McClains. Robinson v. Owens, supra.

The chancellor was in error in holding that the acknowledgment to the trust deed executed to the complainant loan company was defective, but we take it that this was a mere inadvertence, but we do not think that proposition is determinative, for the reason that the main question involved in the case is whether the loan company had knowledge or notice of the conveyance to the McClains before or at the time it made the loan.

The last assignment of error is that the chancellor erred in holding that the loan company had actual knowledge of the conveyance to the McClains. This is the determinative proposition in this suit. It is provided by Shannon's Code, section 3751:

"Any of said instruments first registered or noted for registration shall have preference over one of earlier date, but noted for registration afterwards; unless it is proved in a court of equity, according to the rules of said court, that the party claiming under the subsequent instrument had full notice of the previous instrument." Wilkins v. McCorkle, 112 Tenn., 688, 80 S. W., 834.

"Notice to the agent in the purchase or to the trustee in a deed of trust to secure a debt that there exists a prior unregistered conveyance, mortgage, or deed of trust is notice to his principal, and though his conveyance or the deed of trust securing his debt is regis-

tered first, the grantee in the prior unregistered deed, or the debt secured by the prior unregistered mortgage, is entitled to priority. Myers v. Ross, 3 Head, 59, 62, 63; Robinson v. Owens, 19 Pickle [103 Tenn.], 97 [52 S. W., 870]; Schoolfield v. Cogdell, 12 Cates [120 Tenn.], 618, 639-641 [113 S. W., 375].'' Shannon's Code, note 6 to section 3751.

This section applies to mortgagees, trustees, and beneficiaries under deeds of trust, and they are purchasers to the extent of the indebtedness secured to them. Robinson v. Owens, supra.

This section embraces mortgages and deeds of trust, and their registration is constructive notice. Knowles v. Masterson, 3 Humph., 622; Myers v. Ross, 3 Head, 62; Hickman v. Perrin, 6 Cold., 142.

The McClain deed was not properly acknowledged because the certificate of acknowledgment did not contain the statement that the notary was personally acquainted with the persons making the acknowledgment or that such persons were known to him to be the persons executing the deed. Newton Finance Corporation v. Conner, 161 Tenn., 443, 33 S. W. (2d), 95, 72 A. L. R., 1286; Granger v. Webster, 162 Tenn., 459, 36 S. W. (2d), 883; Shannon's Code, section 3717.

But this is immaterial if the loan company knew of its execution. Notice to the agent or mortgage trustee of prior unregistered conveyance or mortgage operates as notice to the principal postponing his right or lien. Myers v. Ross, 3 Head, 59; Robinson v. Owens, 103 Tenn., 97, 52 S. W., 870; Schoolfield v. Cogdell, 120 Tenn., 620, 113 S. W., 375.

The chancellor held that the loan company had actual knowledge of the conveyance to the McClains. We think that he was correct in this, as both Dingus and Stafford testified that they notified Winston that the McClains had a deed to a one-half interest in the property. Winston does not deny this, but says that he heard of some rumor along that line which he attempted to investigate after he made the loan. He wrote a letter to Jones on the day after he made the loan, making inquiry about this deed to the McClains, which letter is as follows:

''Both Mr. Dingus and Mr. B. F. Stafford seem to think that E. S. McClain has one-half interest in the property upon which you have just given us a trust deed..

''We wish you would explain this to us, as Mr. McClain's name in no way appears in our transaction.''

Winston says that Reece assured him after he had made the loan that the McClain deed to a one-half interest was made subject to the loan. Winston also states that he had an abstract of title, but he does not state that they relied upon this abstract, and he did not show any diligence in pursuing the information he had.

''Where such facts or circumstances are known to a person in re-

lation to a matter in which he is interested as are sufficient to make it his duty as an honest and prudent man to inquire concerning the rights of other persons in the same matter, and the course of inquiry thus suggested would, if followed with due diligence, lead to a discovery of rights in conflict with his own, the general rule is that he will be held chargeable with notice of all that he might thus have discovered, and will not be heard to say that he did not actually know of the fact or claim in question. Means of knowledge with the duty of using them are deemed equivalent to knowledge itself, and passive good faith will not serve to excuse wilful ignorance.'' 21 Am. & Eng. Ency. of Law (2 Ed.), 584; War Finance Corporation v. Ready, 2 Tenn. App., 67; Woodfolk v. Blount, 2 Hayw., 150, 9 Am. Dec., 736.

''But when from the uncontroverted facts in evidence it appears that circumstances existed of which the party sought to be charged had knowledge or information sufficient to affect his conscience, and thereby put him upon inquiry, which, if followed with reasonable diligence, would necessarily have led him to actual knowledge of the particular fact, and his failure to make the inquiry is not satisfactorily explained, he will be held chargeable with the knowledge which he might thus have acquired, and will not be allowed to say that he did not actually know that the fact existed. His knowledge of the circumstances being sufficient to make it his duty to inquire and to render any inaction on his part unconscientious his failure to pursue the path of duty is no defense or excuse. Under such circumstances it is said that the presumption of notice is conclusive.'' 21 Am. & Eng. Ency. of Law (2d Ed.), 590; War Finance Corporation v. Ready, 2 Tenn. App., 67; Woodfolk v. Blount, 3 Hayw., 150, 9 Am. Dec., 736.

It may be insisted that the loan company was a subsequent creditor of Reece and Jones, and that it is immaterial whether it as such creditor had notice of the prior defectively recorded deed to the McClains, as its deed of trust was properly recorded first, and the McClain deed was therefore null and void as to such creditors.

Shannon's Code, section 3752, provides:

''Any of said instruments not so proved, or acknowledged and registered, or noted for registration, shall be null and void as to existing or subsequent creditors of, or bona fide purchasers from the makers without notice.''

But we think that this section of the Code is not applicable to this case, for the reason that it was held in the case of Robinson v. Owens, supra, and cases above cited, that a mortgagee and cestui que trust claiming under a registered mortgage or deed of trust are purchasers and are not creditors within this statute. This section applies to creditors who have established their rights to claim in that character by a judgment at law or a decree in chancery (Chester v.

Greer, 5 Humph., 26), or by bill in chancery under statutes authorizing creditors without judgment to proceed against the property of their debtor, such as in the case of suits to set aside fraudulent conveyances, etc.

It results that all the assignments of errors must be overruled, and the decree of the chancellor dismissing the bill as to McClains is affirmed. A decree for $2,250, with interest, will be entered in this court in favor of the Savings, Building & Loan Association and against C. H. Reece and J. M. Jones, and a lien is declared for this amount on the one-half interest in the house and five acres of land. The cost of the cause below will remain as adjudged by the chancellor, but the cost of the appeal is decreed against the appellant, Savings, Building & Loan Association. The cause will be remanded to the chancery court for a sale of the one-half interest in the property under proper orders and decrees of the chancellor.

Faw, P. J., and DeWitt, J., concur.