**In re HERCULES MACHINE CO., INC., Debtor.**

**HERCULES MACHINE CO., INC., Plaintiff,**

v.

**Glenn WALKER, Defendant.**

**Bankruptcy No. 1–85–00011.**
**Adv. No. 1–85–0051.**

United States Bankruptcy Court,
E.D. Tennessee.

Aug. 9, 1985.

Harold L. North, Jr., Ray & North, P.C., Chattanooga, Tenn., for plaintiff.

Barbara L. Arthur and G.M. Adcock, Rossville, Ga., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The debtor-in-possession brought this action to avoid the defendant's lien on real property and security interest in personal property. The dispute as to the security interest in personal property has been resolved. The question for the court to decide is whether the defendant has a perfected lien on the real property.

The defendant and his wife sold the real property to N.G.A. Welding Co., Inc., which was the predecessor to the debtor-in-possession. The deed provides that payment of the purchase price "is secured by a vendor's lien which is hereby retained on the real estate hereinafter described". The deed also provides that "as further security for the payment of said note and to more easily enforce its collection, the grantees have executed to The Title Guaranty and Trust Company of Chattanooga, Trustee, a Deed of Trust on said real estate, containing a full power of sale, etc., but it is agreed and understood that an entry of the release of said note ... will release both the vendor's lien retained in their deed and the lien created by said Deed of Trust whether the said Deed of Trust be recorded or not".

In *In re McConkey* the court dealt with a deed from Wallmac Corporation to McConkey that provided in part:

"to secure payment of which notes a VENDOR'S LIEN is expressly retained

on the hereinafter described Real Estate, and to further secure payment of each of said notes ... the said Grantee, or Trustee, has executed simultaneously herewith a DEED OF TRUST to Milligan-Reynolds Guarantee Title Agency, Inc., Trustee....

Wallmac admitted that there was no such deed of trust. *In re McConkey*, No. 1–76–1439 (Bankr.E.D.Tenn., Feb. 2, 1978) (Certified Electric v. McConkey).

During the building of a house on the property by McConkey, Certified Electric furnished materials and labor for which it was not paid, and obtained a mechanic's and materialman's statutory lien.

Certified Electric argued that Wallmac did not have a vendor's lien or was not relying on the lien reserved in the deed. The court disagreed after careful consideration of several Tennessee cases, in particular *Prichard Bros. v. Causey*, 158 Tenn. 53, 12 S.W.2d, 711 (1929); *Bridges v. Cooper*, 98 Tenn. 390, 39 S.W. 722 (1896); *Ragan v. Howard*, 97 Tenn. 334, 37 S.W. 136 (1896). The court also relied on *Lee v. Gibson*, 104 Tenn. 698, 58 S.W. 330 (1900). The court concluded:

> The court cannot see that the vendor, Wallmac, failed to establish its vendor's lien or waived it or any priority that it might have by failing to have the deed of trust executed. The vendor's lien is independent of the deed of trust. The deed reserving the vendor's lien was recorded on July 25, 1975. The plaintiff, Certified Electric, has not shown that it was prejudiced by Wallmac's and McConkey's failure to carry out strictly the recitations of the deed as to the time of execution of other documents.

■ The court sees no reason in this case to reach a different conclusion. The deed, with the vendor's lien expressly reserved, was recorded so that any party subsequently acquiring an interest in the land would be on notice of the lien. A subsequent party could not reasonably rely on the absence of a recorded deed of trust as showing that the Walkers had no lien. Furthermore, the language of the deed with regard to an entry in the real estate records of a release shows that the Walkers intended to rely on the vendor's lien without regard to whether a deed of trust was ever recorded. A deed with an express vendor's lien might be worded to show the vendor's intent to waive the lien in favor of a deed of trust, but a subsequent party should, as a matter of common sense, expect the waiver to take effect only if a properly executed deed of trust was in fact recorded. Thus, the court concludes that an express vendor's lien can seldom, if ever, be waived by providing in the deed for execution of a deed of trust.

■ The debtor-in-possession has relied on cases involving waiver of the vendor's implied lien. The vendor's implied lien is not really a lien but is the vendor's right enforced by the courts of equity to have the property back if the purchaser fails to pay the purchase price. The lien is effective as to subsequent parties only from the time suit is brought since only then will they have notice of the vendor's claim *Savings, Building & Loan Ass'n v. McClain*, 18 Tenn.App. 292, 76 S.W.2d 650 (1934). Waiver of the implied lien makes sense when the deed provides for execution of a deed of trust but does not reserve an express vendor's lien. The court has already pointed out that waiver of an express vendor's lien by providing for execution of a deed of trust generally does not make sense.

■ The deed in this case reserved and gave notice of the express vendor's lien from the time of recording. The debtor-in-possession cannot have any superior rights in the property under Bankruptcy Code § 544. 11 U.S.C.A. §§ 544 & 1107. Thus, the court concludes that the defendant has a vendor's lien on the property superior to the rights of the debtor-in-possession.

This memorandum constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 7052.