IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
_____

HICKORY WOODS ESTATES
HOMEOWNERS ASSOCIATION,

       Plaintiff-Appellee,

Vs.

**HARRY G. PARMAN,**

       Defendant-Appellant.

C.A. No. 01A01-9901-CH-00034
Davidson Chancery No. 97-4068-I

**FILED**

**August 17, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

_____

FROM THE DAVIDSON COUNTY CHANCERY COURT
THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR


Jerry L. Vance of Nashville
For Appellant

Brigid T. Miller;
Baker, Donelson, Bearman & Caldwell of Nashville
For Appellee


*REVERSED AND REMANDED*

Opinion filed:


                        **W. FRANK CRAWFORD,
                        PRESIDING JUDGE, W.S.**


**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**


       Defendant/Appellant, Harry G. Parman, appeals the order of the trial court denying his

motion for summary judgment and granting summary judgment to Plaintiff/Appellee, Hickory

Woods Estates Homeowners Association (Association).

Hickory Woods Estates is a subdivision in Davidson County, Tennessee, governed by "Amended and Restated Declaration of Covenants, Conditions, and Restrictions for Hickory Woods" (Declaration of Covenants), which is recorded in the Register's Office of Davidson County.[1]

The Association is a nonprofit corporation created to administer, manage, and regulate the affairs of the Hickory Woods subdivision and all property owners have a membership in the Association. Pursuant to the Declaration of Covenants, the Association, through its Architectural Review Committee (ARC) determines whether improvements to the property in Hickory Woods are compatible with other improvements within the subdivision. Specifically, Article V of the Declaration of Covenants provides, in pertinent part, as follows:

> No improvements shall be erected, constructed, placed, maintained or permitted to remain on any Lot until the Plans therefor shall have been submitted to and approved in writing by the ARC, which shall determine in its sole discretion whether or not the proposed improvements, and all features thereof, are acceptable to the ARC and are compatible with other improvements within the Project. The ARC shall be the sole judge and arbiter of such acceptability and compatibility. In carrying out the functions of the ARC, and in order to insure uniformity and quality of the improvements located within the Project, the ARC has prepared, and shall make available to all Lot Owners, a statement of Architectural Guidelines ("Guidelines") which shall be observed in the construction of all improvements within the Project. . . .

Mr. Parman owns a home in Hickory Woods, and his deed refers on its face to the Declaration of Covenants. Without permission from the ARC, Mr. Parman began construction on a twelve-by-forty foot detached accessory storage building behind his residence. Then, on July 9, 1997, Mr. Parman, on advice of and through his attorney, wrote the ARC requesting

---

[1] The Declaration of Covenants provides, in pertinent part, as follows:

> **NOW THEREFORE**, Declarant hereby declares that all of the Property described in <u>Exhibit A</u> and any additional property as may by Subsequent Amendment be added to the Property and subjected to this Declaration shall be held, sold, and conveyed subject to the following easements, restrictions, covenants, and conditions. Such easements, restrictions, covenants and conditions are for the purpose of protecting the value and desirability of the Property, and shall run with the real property submitted to this Declaration. They shall be binding on all parties having any right, title, or interest in the described Property, or any part thereof, their heirs, successors, successors-in-title, and assigns, and shall inure to the benefit of each owner thereof.

permission to erect the storage building. On August 12, 1997, the ARC, through counsel, denied in writing Mr. Parman's request for permission to erect the storage building. The letter also stated that Mr. Parman had been previously advised that the erection of such a storage building did not comply with subdivision regulations, that all construction must be stopped, and that any improvements must be removed. Despite receipt of the foregoing letter, Mr. Parman proceeded to erect the storage building.

On December 9, 1997, the Association filed suit against Mr. Parman seeking a declaratory judgment that Mr. Parman violated the Declaration of Covenants and an order requiring Mr. Parman to remove the storage building at his own expense. Mr. Parman filed an Answer and a Counter-Complaint. The answer denies that he violated the restrictions as alleged. In his Counter-Complaint, Mr. Parman alleged that he purchased the property without actual knowledge of the restrictive covenants despite the reference in his deed to the Declaration of Covenants, that he received actual notice of the restrictions only after he commenced construction of the storage building, that he was informed that there were no Architectural Guidelines in existence for Hickory Woods, and that he was not given notice of the meeting of the ARC so that he could determine in what respect his storage building failed to meet the standards of the ARC. He seeks a declaration that the plaintiff's actions were "arbitrary, capricious, and an unreasonable infringement of Harry G. Parman's free and untrammeled use of his property."

On September 24, 1998, the Association filed motions for summary judgment as to its claim and Mr. Parman's counter-claim on grounds that there are no genuine issues of material fact that Mr. Parman had actual and/or constructive knowledge of the restrictive covenants on his property, that he failed to abide by such, and that the ARC's actions were reasonable and within its authority. Mr. Parman filed a motion for summary judgment on grounds that there is no genuine issue for trial as to the material facts regarding the unreasonableness of the enforcement of the restrictive covenants.

After a hearing, the trial court, on November 20, 1998, entered an order granting the Association's motions for summary judgment and denying Mr. Parman's motion. The trial court found that there is no genuine issue of material fact regarding Mr. Parman's notice of the Declaration of Covenants by virtue of reference of the same in his property deed, and that there

is no genuine issue of material fact regarding Mr. Parman's violation of the Declaration of Covenants. The trial court also found that Mr. Parman's affidavit filed the day of the hearing was untimely and not in proper form to be considered by the court.[2]

This appeal ensued, and Mr. Parman presents the following issue, as stated in his brief, for our review:

> Did the trial court err in granting plaintiff's motion for summary judgment and denying defendant's motion for summary judgment?

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Restrictive covenants conditioning the right of property owners to make improvements on the approval of a homeowners association or architectural committee are generally valid and

---

[2] No issue regarding this ruling is presented in this appeal.

4

enforceable. *See Association of Owners of Regency Park Condominiums, Inc. v. Thomasson*, 878 S.W.2d 560, 563-565 (Tenn. App. 1994). Restrictive covenants are enforceable even though the covenants vest discretionary powers with the architectural committee. *Villages of Brentwood Homeowners Ass'n, Inc. v. Westermann*, No. 01A01-9708-CH-00388, 1998 WL 289342, at *3 (Tenn. App. June 5, 1998). The prevailing view in this jurisdiction is that these sorts of restrictive covenants will be enforced as long as the entity administering the covenants acts reasonably and in good faith. *Id.* *Indian Hills Club Homeowner's Ass'n, Inc. v. Cooper*, No. 01A01-9507-CH-00319, 1995 WL 763823, at *3 (Tenn. App. Dec. 29, 1995). When the restrictive covenants establish a review committee but do not contain specific criteria for the committee to follow, the validity of the criteria and the committee's interpretation of such will be judged by a standard of reasonableness. *Westermann*, 1998 WL 289342, at *3.

> "The majority view with respect to covenants requiring submission of plans and consent prior to construction is that such clauses, even if vesting the approving authority with broad discretionary powers, are valid and enforceable so long as the authority to consent is exercised reasonably and in good faith."

*Cooper*, 1995 WL 763823, at *4 (quoting *Davis v. Huey*, 620 S.W.2d 561, 566 (Tex. 1981)).

The *Cooper* Court continued:

> Whether the exercise of approval of construction plans is reasonable is a factual question to be determined in light of the circumstances. *Trieweiller*, 838 P.2d at 385. *See also, LaVielle*, 412 S.W.2d at 593; *Snowmass American Corp. v. Schoenheit*, 524 P.2d 645, 648 (Colo. Ct. App. 1974). There are several criteria that courts have established to employ when evaluating the reasonableness of the exercise of power to consent. The most important of these criteria, which indicate that disapproval of plans is reasonable, are lack of compliance with the specific restrictions of the subdivision and construction that is not consistent or harmonious with the overall plan of development or with neighboring property. *LeBlanc v. Webster*, 483 S.W.2d 647; *LaVielle v. Seay*, 412 S.W.2d 587; *Validity, Construction and Effect of Restrictive Covenant Requiring Consent of Third Person to Construction on Lot,* 19 A.L.R.2d 1274, at p. 1294.

*Id.* at *4.

The first question is whether Mr. Parman had actual and/or constructive notice of the restrictive covenants on his property. While there is not a copy of his deed in the record, Mr. Parman admits that his deed made reference to the Declaration of Covenants. Therefore, Mr. Parman is chargeable with notice of all matters in his deed affecting his property. *See Gordon v. Hirsch*, 1990 WL 19702, at *3 (Tenn. App. March 6, 1990) (citing *Teague v. Sowder*, 121

5

Tenn. 132, 114 S.W. 484 (1908); *Savings, Bldg. & Loan Ass'n v. McClain*, 18 Tenn. App. 292, 76 S.W.2d 650 (1934)). In addition, Mr. Parman's actions in 1996 in submitting applications to the Association for variances pursuant to the Declaration of Covenants is indicative that he may have had actual notice of the restrictive covenants. Nevertheless, Mr. Parman is charged with notice of the Declaration of Covenants affecting his property because of the reference of such in his deed.

The next question is whether the ARC's actions in denying Mr. Parman permission to construct the storage building were reasonable and in good faith. Mr. Parman's pleadings aver that the Association's actions were unreasonable, arbitrary, and capricious. The Association asserts that there is no genuine issue of material fact regarding Mr. Parman's violation of the restrictions and that it acted reasonably and within its authority in denying Mr. Parman's request. The parties' pleadings join issue on whether plaintiff acted reasonably under the circumstances. Whether the exercise of approval of construction plans is reasonable is a factual question to be determined in light of the circumstances. *Cooper*, 1995 WL 763823, at *4.

Plaintiff's motion for summary judgment was not supported by any sworn testimony or affidavit that negates Mr. Parman's allegation that the plaintiff acted unreasonably in denying his request.

In *McCarley v. West Quality Food Service*, 948 S.W.2d 477 (Tenn. 1997), our Supreme Court noted that it is not sufficient for a party seeking summary judgment to make mere conclusory allegations that the nonmoving party has no evidence. The Court said:

> The movant must either affirmatively negate an essential element of the non-movant's claim or conclusively establish an affirmative defense. If the movant does not negate a claimed basis for the suit, the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails.

*Id.* at 478-79 (citations omitted).

In the instant case, the Association did not negate the affirmative allegations in Mr. Parman's pleadings, and thus, the Association's motion must fail. By the same token, Mr. Parman had no sworn proof or affidavit to negate the Association's allegation that it acted reasonably. Thus, his motion must fail. Under the state of the pleadings in this case, there is a genuine issue of material fact as to whether the action of the Association was reasonable under

6

the circumstances.

Accordingly, the order of the trial court granting summary judgment is reversed. This case is remanded to the trial court for such further proceedings as necessary. Costs of appeal are assessed one-half to appellant and one-half to appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**HOLLY KIRBY LILLARD, JUDGE**