TüRLev, J.
 

 delivered the opinion of the court.
 

 Opon the facts presented in this record two questions are presented. ' 1st. Is the title of Bennet, if he had any, a mortgage or an absolute conveyance? That it is a mortgage we cannot doubt; all the circumstances show and the parties admit that it was so originally, but say, that the equity of redemption was released before Bennett knew of complainant’s title. If the equity of redemption was released, it was without consideration, and the court will not permit the claims of creditors to be defeated thereby.
 

 2d. This court has, in the case of
 
 Douglas
 
 vs. Morford, 8 Yer. Rep. 373: and the case of
 
 Payne
 
 vs. Lassiter, not reported, decided that a vendee of a negro acquired no title thereto, against any person except the vendor, unless the conveyance be by bill of sale registered according to law. In this case, the mortgage of complainants was registered on 26th day of December, 1S33, that from that time it was a good title as against all persons who had not acquired rights to the negroes, previously thereto, is admitted; but it is insisted that Bennet had. it is true he had taken a conveyance of
 
 *358
 
 neSr0 previously, but this conveyance was not registered the 18th December, 1S34, and by the 6th section of the act of 1831, c 90, it only took effect from the date of its registration. Complainants’ title then, having been registered first, and being founded on a fair and valuable consideration, must overreach and destroy any claim of Bennet’s, arising out of a subsequently registered bill of sale.
 

 But it is said, that the complainants at the time they registered their mortgage had notice of Bennet’s bill Bof sale, and that they are therefore bound by it. This is not the layv. The complainants were not subsequent purchasers, and this principle applies to none other. If Bennet’s bill of sale had been registered first, and he had had notice of the existence of the complainant’s mortgage, he would have been bound thereby, as a subsequent purchaser. For the statute above referred to, provides, that any deed of conveyance, bill of sale, or other instrument, which shall be last executed, but first registered, shall have preference, unless it is proved in a court of equity that such subsequent purchaser had full notice of the previous conveyance.
 

 The decree given in this case will therefore be reversed, and a decree in conformity with the rights of the parties entered in this court.
 

 Decree reversed.